STATE OF IOWA v. CHARLES B. GAGE and WILLIAM MALLI-
SON, Appellants.

**Sodomy:** INDICTMENT: SUFFICIENCY. The statute defining sodomy is in
accord with the generally accepted definition of the offense; and
is not confined to the act of coition between the sexes but may
be committed between persons of the same sex; and an indict-
ment charging the crime substantially in the language of the
statute and stating the manner of its commission is sufficient.

**Misconduct of juror.** That a juror during a recess in the trial
visited the place of the alleged crime of sodomy is not ground
for reversing the judgment of conviction, when it is not shown
that he did so for an improper purpose, or that he committed
an improper act while there.

**Sodomy:** PUNISHMENT. The statute prescribing punishment for
sodomy provides the penalty for the offense defined by Code
Supp., section 4937a.

**Sodomy:** PROOF OF PENETRATION. Proof of actual penetration is es-
sential to the crime of sodomy as in cases of rape, but it may
be shown by circumstantial evidence.

*Appeal from Poweshiek District Court.*— HON. W. G.
CLEMENTS, Judge.

THURSDAY, JUNE 4, 1908.

REHEARING DENIED TUESDAY, SEPTEMBER 29, 1908.

THE defendants were convicted of the crime of sodomy,
and appeal.— *Affirmed.*

*J. H. Patton* and *J. P. Lyman,* for appellants.

*H. W. Byers,* Attorney General, and *Chas. W. Lyon,*
Assistant Attorney General, for the State.

SHERWIN, J.— Code Supp. section 4937–a, defines the crime of sodomy as follows: "Whoever shall have carnal copulation in any opening of the body except sexual parts,

1. SODOMY: indictment: sufficiency.

with another human being, or shall have carnal copulation with a beast, shall be deemed guilty of sodomy." The indictment charged the crime substantially in the language of the statute, and further stated that it was committed by using the mouth of the defendant Gage. The defendants demurred to the indictment on the grounds "that the facts alleged and set out . . . do not constitute a crime under the laws of Iowa; (2) the indictment contains matter, which, if true, would constitute a legal defense or bar to the prosecution." The demurrer was overruled, and the appellants assign the ruling as error for which there should be a reversal.

It is said that the facts set out in the indictment do not constitute a crime under the laws of Iowa, because "the term 'carnal copulation' has a well-defined and established meaning, and means the act of coition between the sexes. Carnal copulation is impossible between persons of the same sex." The appellants have not given us an extended argument on the proposition, nor have they cited authority in support thereof. There seems to be no uncertain meaning in the statute, however. It defines the crime of sodomy in concise language, and as it has almost universally been defined by courts, law-writers, and lexicographers from time immemorial. Blackstone and other early writers on the law referred to the crime as the "crime against nature committed either with man or beast." In 1 Bishop on Criminal Law it is defined as "being a carnal copulation by human beings with each other against nature, or with a beast." See, also, 25 Am. & Eng. Enc. of Law, 1144; Century Dictionary; 2 Bouvier's Law Dictionary, 647; *Honselman v. State,* 168 Ill. 172 (48 N. E. 304). In *Cleveland v. Detweiler,* 18 Iowa, 299, the action was for slander; the plaintiff charging that the defendant had accused her of having sexual intercourse

with a dog.   Defendant's counsel took the position that the words, if spoken, did not impute a want of chastity, because to be unchaste implies unlawful commerce with the other sex. The court did not agree with the contention.   The statute clearly follows the generally accepted definition of sodomy, and the indictment charged a crime thereunder.

Instruction 5 given by the court was in line with the foregoing, and it was a correct statement of the law.   The instruction on circumstantial evidence is not open to the criticism that it is vague and misleading.   It is concise, and it could not well have been misunderstood by the jury.   The request embodied in instruction 4 asked by the defendants was substantially given in the court's own charge.

One of the jurors who tried the case went into the water-closet in Grinnell where the crime was said to have been committed during an adjournment of court, and this is insisted 2. MISCONDUCT   upon as misconduct for which there should be OF JUROR.   a reversal.   The facts connected with this transaction are that the juror, in reaching Montezuma from his home in Searsboro, took the Iowa Central Railway to Grinnell, where he changed to one of the branch trains of the same road for Montezuma; that while in Grinnell on his way to Montezuma he called for the key to the depot closet in question and entered the same.   Nothing more is shown except that there were toilet accommodations on both trains which he traveled on that day.   The evidence offered by the state showed that the crime was committed in the closet that the juror visited, and that it was witnessed by persons who looked through the key hole in an outside door to the closet that was not used or open.   But there is nothing to indicate that the juror entered the closet for any improper purpose, or that he committed any improper act while there.   It cannot be presumed that he went there for any improper purpose, or for the purpose of obtaining further information relative to the case.   There was no showing of prejudicial conduct on

his part, and the court rightly refused to set aside the verdict on that ground.

Code, section 4937, provides that " any person who shall commit sodomy, shall be imprisoned in the penitentiary not

**3. SODOMY: punishment.**  more that ten years nor less than one year." It is therefore evident that a penalty is thereby provided for the crime defined in section 4937–a of the Code Supplement.

Other errors are assigned, but not argued. We have given them due consideration, and find no cause therein for a reversal of the case. The appellants strenuously insist that

**4. SODOMY: proof of penetration.**  the verdict is not supported by the evidence, and that there is a total failure of proof of a penetration. Actual penetration must be proven as in rape; but it may be shown by circumstances as well as by direct testimony thereof. It is very seldom that it is observed in rape cases or in any other cases involving the sexual organs, and hence it must generally be proven by facts and circumstances. In this case the condition, position, and proximity of the defendants, as testified to by the eyewitnesses to the transaction, affords sufficient evidence of penetration to warrant the verdict. The defendants were jointly engaged in the crime, and the only way to prove penetration was by the facts and circumstances.

We have twice read the entire record in this case with the care its importance demands, and we are abidingly convinced that the verdict has such support in the evidence that it should not be disturbed; nor do we find any error which would justify a reversal. The case seems to have been tried with great care, and every right of the defendants fully protected.— *Affirmed.*