## WILLIAM W. KEMPLIN V. STATE OF NEBRASKA.

FILED JANUARY 24, 1912.    No. 17,352.

1. Criminal Law: INDORSEMENT OF WITNESSES ON INFORMATION. Where in a criminal prosecution the case was called for trial in the district court, the names of three jurors were called and the jurors took their places in the jury box, but, before they were sworn or interrogated as to their qualifications to serve as jurors, the court, over the objections of the accused, permitted the name of an additional witness to be indorsed upon the information, but no application was made for the postponement of the trial, and no prejudice was shown, held prejudice will not be presumed.

2. Burglary: EVIDENCE: MALICE. In a prosecution for burglary by breaking and entering a dwelling house, it was shown that the doors of the house were closed in the morning when the family

residing there left for the day; that upon their return in the evening the house had been entered and certain articles stolen therefrom. *Held*, There was sufficient proof of malice and of the breaking and entering.

3. ———: ———. The evidence is examined, and *held* sufficient to sustain the verdict of guilty.

ERROR to the district court for Garden county: RALPH W. HOBART, JUDGE. *Affirmed.*

*Sullivan & Squires* and *T. M. Wimberley,* for plaintiff in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

REESE, C. J.

Plaintiff in error was prosecuted in the district court for Garden county for the crime of burglary, committed on the 23d day of December, 1910, by breaking and entering the dwelling house of D. A. Kingery, with intent to steal certain personal property therein. A trial was had, which resulted in a verdict of guilty, and on the 13th day of May, 1911, he was sentenced to imprisonment in the penitentiary for the term of four years. He brings the cause to this court for review by proceedings in error.

After the case was called for trial in the district court, and after three jurors had been called into the jury box, before they were sworn on their *voir dire* as to their qualification to sit as jurors, the county attorney asked permission to indorse the name of the sheriff upon the information as a witness on behalf of the state. Permission was given, and exception was taken to the order of the court. Said order is now assigned for error.

It is contended that, as the statute requires the names of witnesses to be indorsed "before the trial," the indorsement made at the time stated was after the trial had commenced, and the order was therefore erroneous. There was no showing of prejudice, nor was any postpone-

ment of the trial asked. This was necessary if the accused were prejudiced or surprised by the action of the court in permitting the indorsement to be made. *Barney v. State,* 49 Neb. 515; *Rauschkolb v. State,* 46 Neb. 658; *Trimble v. State,* 61 Neb. 604. The present case is to be distinguished from *Wilson v. State,* 87 Neb. 638. In that case the county attorney was permitted to indorse ten names of witnesses upon the information after the case was called for trial. It was a capital case. The fact of that number of witnesses being indorsed at the moment of calling a case for trial would of itself raise a presumption of prejudice and a possible lack of fair dealing, and the granting of 24 hours of time in which to investigate as to the facts to be proved would be little less than mockery.

It is next insisted that the evidence does not sustain the verdict of the jury. Little light is thrown upon the subject, as the brief is apparently limited to the contention that malice and forcibly breaking and entering are not shown. The evidence discloses that when the family residing in the dwelling house left it in the morning they carefully closed the doors; that upon their return in the evening they found that the house had been entered and articles of value stolen therefrom. If plaintiff in error is guilty of the theft of the articles said to have been stolen, there can be no reasonable doubt as to legal malice, or the breaking and entering. Owing to the importance of the case, we have carefully read all the bill of exceptions, as well as the abstract. The weight of the testimony was for the consideration of the jury. While there are some features of the case which, to the mind of the writer, are unsatisfactory, yet there was sufficient, if believed by the jury, to sustain the verdict. That the dwelling house was broken into and certain trunks broken open and articles of small value taken, there seems to be no doubt. One of the principal contests upon which there is a conflict in the evidence is as to the identification of certain coins found on the person of plaintiff in error at the time of his arrest. They were positively identified as

45

the stolen coins by witnesses for the state, while plaintiff in error and his witnesses identified them as having been in his possession before the burglary. This question was for the determination of the jury, and they resolved it against plaintiff in error.

We find no prejudicial error in the proceedings. The judgment of the district court is therefore

AFFIRMED.