Sheppard v. State.

---

## Milan Sheppard v. State of Nebraska.

### Filed June 19, 1920. No. 21365.

1. **Information:** Separate Counts: Election. Different felonies of the same class or grade, subject to the same punishment, may be charged in separate counts of an information, and whether the state shall be required to elect between the several counts at the beginning of the trial is a matter for the sound discretion of the trial court.

2. **Criminal Law:** Evidence: Motion to Strike. A motion to strike *all* the testimony of a witness is properly overruled where part of such testimony does not fall within the objections raised.

3. ———: Indorsement of Witnesses after Trial Begun: Review. Under chapter 164, Laws 1915, the court may, in its discretion, permit the names of additional witnesses to be indorsed upon the information after the trial has begun, and such action cannot be availed of as error where defendant makes no showing of prejudice, or does not ask for a continuance or postponement of the trial.

Error to the district court for Hamilton county: George F. Corcoran, Judge. *Affirmed.*

*Prince & Prince* and *Patterson & Patterson,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *J. B. Barnes, contra.*

Morrissey, C. J.

Defendant prosecutes error from a conviction in the district court for Hamilton county for receiving a stolen automobile.

The information was in three counts, the first of which charged defendant with receiving, on or about November 1, 1918, a stolen automobile belonging to George W. Jewel. The second count charged the receiving of a stolen automobile, on or about May 1, 1919, the property of J. E. Schaeffer, and the third count charged the receiving of a stolen automobile, on or about April 15, 1919, the property of Lloyd Magney. Defendant was convicted on the third count.

The principal assignment of error is the refusal of the trial court to require the state to elect, at the beginning of the trial, upon which count of the information it would rely for a conviction. Each count of the information was complete in itself, and there was no allegation of any connection between the various offenses charged. The state introduced evidence on each of the three counts. Defendant did not renew his motion to elect until all the testimony had been adduced, and the court then required the state to elect upon which count it would go to the jury.

The question of election is one resting largely in the sound discretion of the trial court. As was said by Justice Harlan in *Pointer v. United States,* 151 U. S. 396, 403: "While recognizing as fundamental the principle that the court must not permit the defendant to be embarrassed in his defense by a multiplicity of

charges embraced in one indictment and to be tried by
one jury, and while conceding that regularly or usually
an indictment should not include more than one felony,
the authorities concur in holding that a joinder in
one indictment, in separate counts, of different felonies,
at least of the same class or grade, and subject to the
same punishment, is not necessarily fatal to the in-
dictment upon demurrer or upon motion to quash
or on motion in arrest of judgment, and does not,
in every case, by reason alone of such joinder, make
it the duty of the court, upon motion of the accused,
to compel the prosecutor to elect upon what one
of the charges he will go to trial. The court is
invested with such discretion as enables it to do
justice between the government and the accused."
The same rule has been announced by this court in
*Korth v. State*, 46 Neb. 631, and in *Bartley v. State*, 53
Neb. 310, although in these cases there was a closer
relationship between the offenses charged than in the
instant case.

But the determining question in each case is whether
defendant has been embarassed or confounded in his
defense. Practically all of the evidence introduced re-
lating to the crimes charged in the first and second
counts was admissible for the purpose of showing
scienter under the count on which defendant was con-
victed. When the state closed its case in chief, defend-
ant proceeded to make his defense without again asking
that the state be required to elect until after he had in-
troduced all his evidence. Under these circumstances
we fail to see that defendant has been so confounded
or prejudiced in his defense as to call for a reversal of
the judgment.

Complaint is made of the testimony of a witness
named Guard, who stated that shortly prior to the
commission of the crime in question defendant asked
him to obtain a Ford coupé for him and agreed to pay
him $200 for one which he subsequently "spotted out."

This witness further testified that some time later he delivered a stolen Buick automobile at Friend, supposedly for defendant, but it was not shown to whom the delivery was made. Defendant moved to "strike all the evidence given by this witness for the reason that it is incompetent, irrelevant, and immaterial, and, also, that the introduction of this evidence constitutes misconduct on the part of the state." The ruling of the court was as follows: "Part of it is competent. The motion as made will be overruled." The first part of this testimony was clearly competent, as showing that defendant was in the business of receiving stolen automobiles. *St. Clair v. State*, 103 Neb. 125. The motion, in the form in which it was made, was properly overruled.

Error is predicated upon permission granted the state to indorse the name of a witness upon the information after the trial had commenced. Defendant made no showing of prejudice, nor did he ask for a continuance. Prejudice will not be assumed. The action of the trial court does not constitute reversible error. *Kemplin v. State*, 90 Neb. 655; Laws 1915, ch. 164.

Defendant's other assignments of error are disposed of by the views just expressed. There is nothing in the record to call for a reversal, and the judgment is

AFFIRMED.

FLANSBURG, J., not sitting.