## ELMER J. FREY v. STATE OF NEBRASKA

FILED DECEMBER 30, 1922.   No. 22444.

1. **Criminal Law:** INDORSEMENT OF WITNESSES DURING TRIAL. Under section 10087, Comp. St. 1922, the court may in its discretion permit the names of additional witnesses to be indorsed upon the information after the trial has begun, and where the name of a witness has been indorsed on the information before trial, but omitted from the copy of the information served on the defendant, and objection is made to such witness testifying on that ground, it is not error for the court to permit such witness to testify, where the defendant makes no showing of prejudice, or does not ask for a continuance or postponement of the trial.

2. ————: JUDGMENT OF INFERIOR COURTS: ADMISSIBILITY. Before a judgment of a court of limited jurisdiction is admissible to prove the fact of the judgment, the record must be sufficiently complete to show that the court had jurisdiction of the subject-matter, as well as of the parties.

3. ————: ————: ————. Where it is sought to show a previous conviction of a defendant before a village police magistrate whose territorial jurisdiction is limited to the corporate limits of such village and for three miles beyond such corporate limits, and where the entire record offered consists only of the minutes of the magistrate on his docket, as follows: "State v. Elmer Frey. 7-3-19. Defendant appears in court, pleads guilty to unlawfully having intoxicating liquor, fine $100 and costs $2.50. Paid by check. Paid fine School Dis. No. 1. Above fines to date, July 7, 1919, $160. H. S. Smith, Police Magistrate"—such record is not sufficiently complete to show that the court had jurisdiction of the subject-matter.

ERROR to the district court for Thurston county: ANSON A. WELCH, JUDGE. *Remanded, with directons.*

*A. R. Oleson,* for plaintiff in error.

*Clarence A. Davis, Attorney General,* and *Charles S. Reed, contra.*

Heard before Morrissey, C.J., Letton, Dean, Aldrich and Day, JJ., Shepherd, District Judge.

Day, J.

Elmer J. Frey, the defendant, was convicted upon the third count of an information which charged him with unlawfully selling intoxicating liquor on June 19, 1921, in Thurston county, Nebraska. In addition to this charge the information by appropriate language averred that the defendant had theretofore been twice convicted for violating the liquor laws of the state—once on July 3, 1919, in Thurston county, and again on March 9, 1920, in Dakota county. The jury found the defendant guilty as charged in the third count of the information, and added, "and find that the same is a third offense." Upon this verdict defendant was sentenced to the penitentiary for a period of six months. To review this judgment he has brought error to this court.

Numerous errors are assigned and argued in defendant's brief, some of which need not be noted because they pertain to rulings of the court in reference to counts in the information upon which the defendant was not convicted, and errors, if any, pertaining to such matters would be without prejudice.

It is first urged that the court erred in overruling the defendant's motion to quash the information. In support of this contention it is pointed out that the complaint upon which the defendant was given a preliminary hearing before the examining magistrate charged the defendant with three distinct offenses for violating the liquor laws of the state; that in binding the defendant over to the district court the magistrate found that there was probable cause to believe that the defendant "committed the offense charged in said complaint." From

this it is argued that there is no way to determine which offense charged in the complaint there was probable cause to believe the defendant committed. We are of the view, however, after considering the entire record, that the defendant's construction placed upon the magistrate's order is too narrow. Fairly construed, we think it means that there was probable cause to believe that the defendant committed each offense charged in the complaint. There was no error, therefore, in overruling the motion to quash the information.

It is next urged that the court erred in permitting the witness Harold Goodrich to testify on behalf of the state, because his name was not indorsed on the copy of the information served upon the defendant. The record shows that, when objection was made by defendant's counsel to the witness Goodrich testifying, the trial judge asked that the information be handed to him, and announced that an examination of the information showed that the witness' name was indorsed on the information; and thereupon overruled the defendant's objection. No explanation is made as to how the discrepancy between the original and the copy arose. The defendant made no showing that he would be prejudiced in any wise by the testimony of the witness, nor did he ask for a continuance or a postponement of the trial.

In *Sheppard v. State,* 104 Neb. 709, it was held that under chapter 164, Laws 1915 (Comp. St. 1922, sec. 10087), the court in its discretion may permit the names of additional witnesses to be indorsed upon the information after the trial has begun, and that such action cannot be availed of as error where defendant makes no showing of prejudice, nor asks for a continuance or postponement of the trial. The same doctrine is announced in *Kemplin v. State,* 90 Neb. 655, and *Samuels v. State,* 101 Neb. 383. On the request of the county attorney in the case at bar the trial court granted permission to indorse the name of the witness upon the copy of the

information. In view of the holding in the cases just cited, it would seem to logically follow that the court in its discretion could permit a witness to testify, whose name was indorsed upon the information, but had been omitted from the copy served on the defendant. In such case, where an objection is made to such witness testifying on the ground that his name was not indorsed upon the copy of the information, it is proper for the court to permit the witness to testify, where the defendant makes no showing of prejudice, or does not ask for a continuance or postponement of the trial.

The serious question presented by the record, however, is whether there was sufficient competent evidence of two prior convictions of the defendant for violating the liquor laws of the state, and thus subject him to the penalties of a felony as prescribed by our statute upon conviction of a third or more offenses for violating the liquor laws of the state. A prior conviction of the defendant in Dakota county was shown by a certified copy of the record of the county court, in which appears the complaint, the arraignment of the defendant thereon, his plea of guilty, and the judgment of the court upon the plea, which appears to be regular in every respect. The trial court very properly ruled that this record was sufficient to show a prior conviction of the defendant, and submitted only to the jury the question of the identity of the defendant as being the same person named in the record of the judgment. His identity was shown beyond question and not denied, so that it would have been within the province of the court to have given a peremptory instruction that this record and the testimony as to the defendant's identity were sufficient to show one prior conviction.

To further sustain the averment in the information of a prior second conviction the state, over the objection of the defendant, introduced the minutes as found in the docket of the police magistrate of the village of

Pender, in Thurston county. The minutes had not been extended in a formal judgment, and were in words and figures, as follows: "State v. Elmer Frey. 7-3-19. Defendant appears in court, pleads guilty to unlawfully having intoxicating liquor, fine $100 and costs $2.50. Paid by check. Paid fine School Dis. No. 1. Above fines to date July 7, 1919, $160. H. S. Smith, Police Magistrate." The trial court ruled that the record as thus made was sufficient proof of a former conviction, and submitted to the jury only the question of the identity of the defendant as being the person named in the minutes of the police magistrate. The sufficiency of the entries of the police magistrate to constitute a valid judgment is assailed by the defendant upon a number of grounds, the principal objection being that the record fails to show that the police magistrate had jurisdiction of the subject-matter. With respect to this objection, we think the rule is well established that, in order to render a judgment of a court of limited jurisdiction admissible, the record must be sufficiently complete to show that the court had jurisdiction of the subject-matter, and of the parties. 22 C. J. 816, sec. 930. Does the record show jurisdiction of the subject-matter? Section 4401, Comp. St. 1922, in so far as it applies to the question now under consideration, provides in substance that the territorial extent of jurisdiction of police magistrates in cities and villages is confined to the corporate limits of such city or village in which he is elected, and three miles beyond such corporate limits. Also the police magistrate is given jurisdiction over all offenses against the ordinances of such city or village, and all misdemeanors under the laws of the state where the fine which may be imposed does not exceed $100 or the imprisonment three months. The offense of unlawfully having possession of intoxicating liquors is a misdemeanor under the law of the state, and, as such, is cognizable by a police magistrate, if the offense is committed within the

territorial jurisdiction of such magistrate. So far as the record before us is concerned, there is nothing in it to indicate where the offense was committed. Under the provisions of the statute above referred to, it is clear that the police magistrate would have no jurisdiction if the offense were committed outside of his territorial jurisdiction. No presumption can be indulged in to aid the jurisdiction of an inferior court. In *Donald v. Mc-Kinnon*, 17 Fla. 746, it was held that a simple transcript of a judgment entry does not prove a judgment in a collateral proceeding, and that before it is admissible enough should appear to show jurisdiction. In *Benn v. Borst*, 5 Wend. (N. Y.) 292, it is said: "A certificate of a justice's judgment, to be competent evidence on the trial of a cause, must show on its face that the justice rendering the judgment had jurisdiction as well of the person as of the subject-matter of the suit." In *State v. Goetz*, 65 Kan. 125, it was held that a justice of the peace has no jurisdiction to try or sentence one for an offense without a complaint in writing having been filed before him charging such offense, and that the voluntary appearance of one before a justice of the peace and his plea of guilty to an offense without a written complaint, conferred no jurisdiction upon the justice to render a judgment. To the same effect are *Bigham v. State*, 59 Miss. 529, and *Wilson v. State*, 16 Tex. 246. Additional authorities supporting this general proposition can readily be found. Whether the docket entries of the magistrate were sufficient to show a judgment is a proposition which we do not consider necessary to pass upon. The failure of the record to affirmatively show jurisdictional facts rendered such entries incompetent to establish a prior conviction. From what has been said, it follows that the trial court erred in receiving the minutes of the police magistrate's record as proof of a prior conviction for violating the liquor laws of the state.

Our statute (Comp. St. 1922, sec. 3288) provides a

cumulative penalty for the first, second, and third, or more, offenses for a violation of the provisions of the chapter devoted to the liquor laws of the state, the first and second offenses being misdemeanors, and the third a felony. The verdict of the jury finding the defendant guilty upon the third count of the information is clearly established by competent evidence, and, as before stated, there was undisputed competent proof of a prior conviction of the defendant in Dakota county. The finding of the jury that this was a third offense is in the nature of a special finding, and does not in our view affect the general finding of the defendant's guilt. As the proof of a first or second offense goes only to the degree of punishment which may be imposed, we see no reason for remanding the case for a new trial, as it is apparent that the record of the police magistrate in Thurston county cannot now be corrected to meet the objections pointed out against its competency as proof of a conviction.

Objections are made to the instructions of the court, which have been considered, and in our opinion they are not prejudicial.

The defendant's guilt having been established by the verdict of the jury, and one prior conviction by undisputed testimony being shown, the case is remanded to the district court, with directions to enter judgment as upon a conviction for a second offense for violating the liquor laws of the state.

REMANDED, WITH DIRECTIONS.