VLADISLAV POLICKY V. STATE OF NEBRASKA.

FILED OCTOBER 26, 1925.  No. 24703.

1.  Jurors: DISQUALIFICATION. A sheriff is disqualified to select and summon a special panel of jurors to serve in a criminal case in which he is the prosecuting witness.

2.  ———: ———. In such case, where timely objection is made to the special panel on the ground that the sheriff was disqualified to select the jury, it is error to overrule the objection.

ERROR to the district court for Frontier county: CHARLES E. ELDRED, JUDGE. *Reversed.*

*George N. Gibbs,* for plaintiff in error.

*O. S. Spillman, Attorney General,* and *Harry Silverman, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

DAY, J.

Defendant was convicted of violating the liquor law of the state, as set forth in section 3252, Comp. St. 1922, and adjudged to pay a fine of $500 and to serve a term of 30 days in the county jail. He has brought the record of his conviction to this court for review. The principal point urged by the defendant for a reversal of the judgment is that the court erred in overruling the challenge to the special panel of jurors and in compelling him to go to trial before jurors selected and summoned by the sheriff. The contention is made that the sheriff was disqualified to select the special panel because he was the prosecuting witness. The record shows that the defendant was first tried before the court and a jury at the March, 1924, term of court. At the November, 1924, term of court the case was again tried to the court and jury and again resulted in a disagreement. Thereupon, on November 26, 1924, the court made an order discharging the regular panel and directed that the cause be tried at the then present term of court. The court further ordered the sheriff to summon without delay from the body of the county 18 good and lawful men possessing the qualifications of jurors to be and appear before the district court at 10 a. m. on November 28, 1924, to serve as petit jurors for the November, 1924, term of court. In obedience to this command, the sheriff selected and summoned 18 men to serve as petit jurors. When the case was called for trial, counsel for the defendant objected to trying the cause before the special panel for the reason that the jurors had been selected by the sheriff who was the principal, as well as the only, witness for the state as to the essential elements of the crime. The objection was over-

ruled, the trial ordered to proceed, and 12 jurors out of the 18 selected by the sheriff were chosen to try the case.

The right of the court to order a special panel of jurors cannot be questioned. Section 9078, Comp. St. 1922, was in force at the time of trial. This section has since been repealed by the enactment of chapter 70, Laws 1925. As it originally existed, the section, in so far as applicable to the present situation, provided, in substance, that whenever at any general or special term of court for any cause there is no panel of petit jurors, or the panel is incomplete, the court may order the sheriff, deputy sheriff, or coroner to summon without delay good and lawful men, having the qualifications of jurors to serve as a petit jury. Section 5013, Comp. St. 1922, is as follows:

"Every county clerk shall serve and execute processes of every kind, and perform all other duties of the sheriff, when the sheriff shall be a party to the case, or whenever affidavits shall be made and filed as provided in the next succeeding section; and in all such cases he shall exercise the same power and proceed in the same manner prescribed for the sheriff in the performance of similar duties."

Section 5014, Comp. St. 1922, provides, in substance, that whenever any party, his agent, or attorney shall make and file an affidavit that he believes the sheriff will not, by reason of partiality, prejudice, consanguinity, or interest, faithfully perform his duties in any suit commenced in the court the clerk shall direct the process to the county clerk, who shall execute the same in a like manner as the sheriff might or ought to have done. It will be observed that, when a showing is made conforming to the provisions of the statute above referred to, it is then mandatory that the clerk direct the county clerk to perform the duties of the sheriff. In the case at bar, the defendant had no opportunity to make objections to the sheriff selecting and summoning the special panel until after he had done so. We think, however, that the objections to the panel, made by the defendant at the time the case was called, was not only timely, but was sufficient to challenge the attention of the court to the fact;

Policky v. State.

that the sheriff under the circumstances shown was disqualified from selecting the jury. The court takes judicial notice of its own records and in this case knew that the sheriff was the principal witness for the state and that a conviction of the defendant would turn upon a question of veracity between the sheriff and the defendant. It is essential to the fair and impartial administration of justice that a jury shall not be selected by an officer having an interest in the result of litigation to be tried before such jury.

We think, under the facts disclosed by the record, the court erred in not sustaining the objection to the special panel. As the case must be tried again, we refrain from commenting on the evidence.

For the reasons given, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.

Note—See Juries, 35 C. J. sec. 240.