HENRY A. BARNTS V. STATE OF NEBRASKA.

FILED JANUARY 24, 1928. No. 25733.

*A. E. Langdon,* for plaintiff in error.

*O. S. Spillman, Attorney General, Lloyd Dort* and *H. A. Collins, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

DAY, J.

Plaintiff in error, hereinafter called defendant, was convicted in the district court for Sarpy county of bigamy and sentenced to the penitentiary for not less than two nor more than seven years. Alleging there was error upon the trial, he has brought the record of his conviction to this court for review.

The information is based on section 9760, Comp. St. 1922, which provides: "If any married person, having a husband or wife living, shall marry any other person, every person so offending shall be imprisoned in the penitentiary not more than seven years nor less than one year. Nothing contained in this section shall be construed to extend to any person whose husband or wife shall be continually and wilfully absent for the space of five years together and unheard from, next before the time of such marriage."

A demurrer was filed based upon the theory that the information was defective in that it did not charge that the first wife had not been "continually and wilfully absent for a space of five years together and unheard from, next before the time of such marriage." The overruling of the demurrer is assigned as error. The precise question here presented was before the court in *Stanglein v. State,* 17 Ohio St. 453, wherein it was held:

"In an indictment for bigamy, an averment that the former husband or wife had not been 'continually and wilfully absent for the space of five years together and unheard from, next before the time of' the last alleged marriage, is not necessary. Such fact, if it exist, is matter of defense to be proved by the accused."

We are disposed to follow the Ohio court in its construction of the statute. Our Criminal Code and practice is largely based on that of Ohio. We think the court did not err in overruling the demurrer.

The negative portions of the statute form no part of the description of the offense. *Carpenter v. State,* 106 Neb. 742. In *Sofield v. State,* 61 Neb. 600, it is held: "An information need not negative the exceptions of a statute, which are not descriptive of the offense."

It is next urged that the court erred in permitting the county attorney, after the trial had commenced, to indorse the name of H. A. Olderog on the information as a witness for the state. It appears that subpœnas for other witnesses had been placed in the hands of H. A. Olderog as

sheriff for service, and as the witnesses could not be served the county attorney asked leave to indorse the sheriff's name on the information, which was granted. Section 10087, Comp. St. 1922, provides in substance that it is discretionary with the court to permit the names of additional witnesses on the information. In construing this statute it has been held that the district court in the proper exercise of its judicial discretion is authorized to permit the names of additional witnesses to be indorsed on the information during the progress of the trial. *Ridings v. State,* 108 Neb. 804. To the same effect, *Frey v. State,* 109 Neb. 483; *Samuels v. State,* 101 Neb. 383. Under the circumstances as disclosed at that time, we think there was no error in permitting the name of the witness to be indorsed on the information.

In considering the above assignment of error, it is proper that another assignment of error be considered with it. It appears that the regular panel of jurors was quashed, and the court, being without a jury, ordered the sheriff to summon 24 good and lawful men as jurors to report forthwith. This order of the court was complied with and the jury so summoned reported for service when the present case was called for trial. It thus appears that, after the sheriff's name was indorsed on the information as a witness, he was to testify before a jury which he had selected. It is not claimed that, at the time the sheriff selected the jury, he or any one else expected he would be a witness in the case, and for that reason there was no occasion to object to his selection of the jury. So far as the record shows in that respect, he performed his full duty impartially.

In making out the state's case, the county attorney called the sheriff as a witness, and, over the objection of the defendant to his testifying as a witness, elicited from him that he had been unable to serve subpœnas on certain witnesses whose names were indorsed on the information; and the further fact that the wife of defendant had called upon him while he was in the custody of the witness in the

Sarpy county jail. It may be questioned whether the objections made were broad enough to include the disqualifications of the witness because he had selected the jury, or to bring it within the rule announced in *Policky v. State*, 113 Neb. 858, but in any event the facts concerning which the witness testified did not contradict in any material manner the testimony of defendant, and if it were error to permit him to testify it would be without prejudice. We think the rule announced in the *Policky* case a salutary one, to which we adhere, but the record in the present case does not call for the application of the rule in that case.

Other matters of defense were presented, such as the intoxication of defendant at the time of the marriage. While there was testimony indicating that some of the members of the wedding party had been drinking, it fell far short of showing that defendant did not understand the contract he was entering into. The record shows that defendant was married to Mae E. Lewman on August 3, 1920; that he lived with her almost continuously until his marriage with Emily H. Shutt July 16, 1926, in Sarpy county; that he secured no divorce from his wife Mae and was not in a position to enter legally into a contract of marriage with Emily H. Shutt.

The testimony is amply sufficient to support the jury in their verdict of guilty. The judgment of the district court is

AFFIRMED.