ELLIS NOLEN PHILLIPS, PLAINTIFF IN ERROR, v. STATE OF NEBRASKA, DEFENDANT IN ERROR.

59 N. W. 2d 598

Filed July 10, 1953. No. 33346.

*Donald L. Knowles,* for plaintiff in error.

*Clarence S. Beck,* Attorney General, and *Richard H. Williams,* for defendant in error.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

Plaintiff in error was convicted of the crime of burglary and was sentenced to confinement in the State Penitentiary as an habitual criminal. He brings the case to this court on error proceedings.

The evidence shows that on March 27, 1951, at about 3 a. m., two officers of the Omaha Police Department discovered that a door to a service station at Park Avenue and Farnam Street had been entered. They investigated and captured one Donaldson on the inside. Another man was observed running to a window through which he escaped. The officer, by the aid of his flashlight, saw the man as he went through the window. The other officer searched at the rear of the building and found plaintiff in error coming from between two apartment houses. The officer gave chase and apprehended the man who proved to be the plaintiff in error. Donaldson's car was found parked a short distance away. A very large screw driver was found in the car which the State contends was a circumstance to show how the building was entered, the service station door having been "jimmied." The officer who saw the man going through the window recognized him as the man later apprehended in the alley. Upon this evidence plaintiff in error was found guilty. No contention is made that the evidence was insufficient to submit the case to the jury.

Plaintiff in error contends that the trial court erred in permitting the State to endorse the names of two wit-

nesses on the information just before the commencement of the trial. The witnesses endorsed were the manager of the service station, who testified to the layout of the station and the precautions taken the night before to prevent unlawful entries, and a police sergeant who measured and charted the premises where the crime was committed. The names of both witnesses could have been endorsed on the information when it was filed.

We think it is clear that plaintiff in error was in no way surprised by the evidence of these two witnesses. Testimony given by them was to be expected in this type of case. We fail to see how plaintiff in error was prejudiced by the endorsement of the names of these two witnesses at the beginning of the trial. The rule is: A trial court may in the exercise of its discretion permit the names of additional witnesses to be endorsed upon an information before or after the trial has begun when there is no showing of prejudice to the defendant's rights. McCartney v. State, 129 Neb. 716, 262 N. W. 679; Barnts v. State, 116 Neb. 363, 217 N. W. 591; Brunke v. State, 105 Neb. 343, 180 N. W. 560.

It is then urged that plaintiff in error's motion for a continuance should have been granted after the court permitted the names of the two witnesses to be endorsed on the information. The nature of their evidence was such that it should have been anticipated. No showing was made as to any prejudice that would result from the court's action in denying a continuance. Neither of them testified to any fact that constituted surprise, or which could in any manner prejudice the defense made. A continuance would have accomplished nothing other than a procrastinating delay. An application for a continuance is addressed to the sound discretion of the trial court. Its ruling thereon will not be disturbed unless it appears that prejudice resulted. Maher v. State, 144 Neb. 463, 13 N. W. 2d 641; Sundahl v. State, 154 Neb. 550, 48 N. W. 2d 689.

The trial court admitted in evidence a large, bent

screw driver which was found in Donaldson's car. There was evidence that the door to the service station had been "jimmied." The theory of the State was that Donaldson and the defendant were accomplices who were caught in the act of burglarizing the service station. Since the screw driver found in Donaldson's car was a circumstance that might be considered against him, it was likewise admissible against plaintiff in error. Where the evidence shows that a defendant was in the vicinity at the time a burglary was committed with the aid of burglarious tools, such possession may be admitted to show that defendant had the means to commit the offense in the manner that it was committed. It is a circumstance which the jury may consider. Also, when two persons are apprehended in the commission of a burglary, evidence of possession of burglarious tools by one is proper evidence against the other. 143 A. L. R. 1199, and cases therein cited. We find no error prejudicial to the defendant under the circumstances here existing.

At the hearing on the motion for a new trial it was developed by evidence that one of the jurors visited the scene of the crime during the course of the trial and later discussed to some extent the nature of the construction of a part of the building during the jury's deliberations. The information conveyed to the jury was that the window was not as high from the ground on the outside of the building as the evidence indicated. It also described the size of the window and the manner in which it opened. It was stipulated also that the trial court failed to admonish the jury not to go near the scene of the alleged crime. The juror testified that she, her husband, and their 6-year-old daughter drove out to the scene of the crime, inspected the building from the rear, and then left. It was quite evident that the juror conveyed no information to the jury which involved any material issue upon which there was any conflict in the evidence. There is no evidence to the

effect that any juror was influenced by the information related by this juror, or that it in any manner prejudiced the rights of the plaintiff in error. The whole episode appears to have resulted from the inadvertance of the trial judge in not properly admonishing the jury with respect to the conduct of jurors in this respect.

The correct rule in situations of this nature is set forth in Harris v. State, 24 Neb. 803, 40 N. W. 317, wherein we said: "I think it may further be said that the rule adopted by the greater number of courts, both in this country and in England, is, that affidavits of jurors will not be received in any case for the purpose of impeaching or avoiding their verdict, but to this there are a number of exceptions, and to our mind the opposite rule is much more reasonable and promotive of justice. This is confined to such overt acts as may be seen or heard, and about which all the jurors present may testify with equal knowledge. Thus, where a verdict for damages is ascertained by aggregation and division, without subsequent ratification, or where it is made to depend upon chance, or where a part of the jury become so intoxicated as to destroy their ability to deliberate and exercise reason and judgment, or where witnesses are surreptitiously called before them and permitted to detail the principal facts; or where it appears that one of the jurors was familiar with the facts of the case, and by reason of his suppression of the fact of such acquaintance he procures himself to be accepted as a juror, and in the jury room asserts such knowledge, and assumes the role of both witness and advocate, and procures a verdict, and the like; all of which, being matters of sight and hearing, are susceptible of proof or contradiction by the testimony of others. In such cases we can see no danger in permitting proof of the facts by the affidavits of the jurors themselves. As said by Mr. Justice Brewer, in Perry v. Vailey, supra: 'If the jury have been guilty of no misconduct, no harm has been done by permitting their testimony to be re-

ceived. If the jury has been guilty of misconduct, but such misconduct was not of such a nature as to prejudice the rights of the parties, the modern rule is to let the verdict stand, and simply punish the offending juror. But if such misconduct has wrought prejudice, not only should the juror be punished, but the verdict should also be set aside.'" Misconduct of a juror sufficient to vitiate a verdict must be shown to have influenced the jury in arriving at a verdict, and it must relate to a matter in dispute. Carpenter v. Sun Indemnity Co., 138 Neb. 552, 293 N. W. 400. The rule, concisely stated, is: It is not proper for a juror to inspect the place where the alleged crime occurred without the authorization of the court. Such an unauthorized inspection, however, will not vitiate the verdict where it is not shown to have affected the result of the verdict. Where the trial court has determined that an unauthorized inspection of the premises was not prejudicial to the rights of the defendant, its finding will not ordinarily be disturbed by the appellate court in the absence of an abuse of discretion on the part of the trial court.

The record fails to show that plaintiff in error was prejudiced by the juror's inspection of the premises in the present case and the trial court did not abuse its discretion in overruling the motion for a new trial on this assignment of error.

There is evidence that this same juror discussed some aspects of the case with her husband. The discussion appears to have been casual and harmless insofar as the rights of the defendant were concerned. Under such circumstances the determination of the trial court will not be disturbed on review. Such conduct on the part of a juror is to be condemned as improper, although innocently done. Proper admonitions to the jury by the trial court will ordinarily eliminate occurrences of this kind and possible error resulting therefrom. The misconduct in the present case was harmless in character, unrelated to a conflicting issue, and not calculated to

influence the jury in arriving at its verdict. It does not warrant a new trial. See 39 Am. Jur., New Trial, § 101, p. 114.

There being no prejudicial error in the record, the judgment of the district court is affirmed.

AFFIRMED.