STATE of Iowa, Appellee,

v.

Herbert Charles LITTLE, Appellant.

No. 52900.

Supreme Court of Iowa.

Jan. 14, 1969.

Donald E. Gartin, Mount Pleasant, for appellant.

Richard C. Turner, Atty. Gen., and William A. Claerhout, Asst. Atty. Gen., for appellee.

LeGRAND, Justice.

Defendant appeals from his conviction for operating a motor vehicle while intoxicated in violation of section 321.281, Code of Iowa, 1966, on the ground of jury misconduct. Since no other issue is before us, an extended recitation of the facts is unnecessary, and we limit our discussion to those matters bearing on the single assigned error.

On March 16, 1967, defendant drove his car into a ditch on U. S. highway 34 just east of Mount Pleasant, Iowa. He was observed by the State's principal witness, Don Long, whose home is approximately 100 feet from where the event occurred. Mr. Long watched the defendant for a time from his living room window. He then called the police, who came to the scene and arrested defendant. When arrested, defendant was out of his car and was standing nearby. It was Mr. Long who identified defendant as the driver of the vehicle and who stated he was its sole occupant. Defendant challenged this testimony by attempting to show Mr. Long's vantage point did not afford a complete view of the area. Hence, defendant argues, there is an insufficient showing that he was the only occupant of the car or its driver. This testimony becomes important later in connection with the charge of jury misconduct.

Subsequent to defendant's conviction, he filed motion for new trial on various grounds. The only portion thereof which is important here is that which deals with alleged misconduct of the jury. The motion asserted the following:

"The defendant has been denied of his right of equal protection of the law and of his right to trial by an impartial and fair jury in that: a. Misconduct of the jury occurred when several members of the jury made unauthorized trips to the scene of defendant's arrest for the express purpose of a view of the scene and were influenced by their observations and in turn influenced others of the jury, the verdict not being based solely on the evidence admitted in the record.  *  *  *"

As part of this motion there were attached three affidavits by individual jurors. The affidavit of Eleanor Almond says at least one juror visited the area at which defendant was taken into custody and that

this "was discussed in the jury room." The affidavit then states, "I believe the jury verdict may have been influenced by these visits and the views of the scene of the defendant's arrest." The affidavit of Earl McAllister was substantially to the same effect. The third affidavit pertains to other matters which are not raised on this appeal and may be disregarded.

A hearing was held, at the conclusion of which the trial court overruled defendant's motion for new trial because there was no showing of prejudice from the unauthorized view of the premises.

■ It may be conceded that the visit to the scene of the arrest by the individual juror or jurors who did so was improper and constituted misconduct. Section 780.15, Code of Iowa, 1966, prescribes the only method by which the scene of the crime or the place where some material fact is said to have occurred may properly come under jury surveillance. This section permits the court to have the jury view such place in a body under the supervision of a court appointed official. This procedure was not followed in the present case, and the conduct of the juror or jurors who undertook independently to visit the scene of defendant's arrest was quite obviously a violation of this statutory provision. However, that alone is not sufficient to warrant a new trial. It must also appear that prejudice resulted therefrom and that defendant was thereby prevented from having a fair trial. State v. Crouch, 130 Iowa 478, 485, 107 N.W. 173, 175; State v. Gage, 139 Iowa 401, 403, 116 N.W. 596; Mead v. Scott, 256 Iowa 1285, 1290, 130 N.W.2d 641, 644.

The matter is of some importance here because the identification of defendant as the person driving the car was made by Mr. Long under circumstances raising some question concerning his opportunity to keep the scene under observation and his ability to see what he says he saw. The defense introduced some testimony tending to show he could not have done so.

■ The trial court found no prejudice was shown. Without such showing defendant, in either civil or criminal proceedings, is not entitled to a second trial. Our previous decisions above set out so hold. Other authority to the same effect may be found at 39 Am.Jur., New Trial, section 78, page 91; 24 C.J.S., Criminal Law, § 1449(14), page 136; Phillips v. State, 157 Neb. 419, 59 N.W.2d 598; 58 A.L.R.2d 1141; People v. Tedesco, 1 Cal.2d 211, 34 P.2d 467, 471; State v. Simenson, 195 Minn. 258, 262 N.W. 638, 639; People v. Strause, 290 Ill. 259, 125 N.E. 339, 347, 22 A.L.R. 235.

■ These same authorities hold the matter is largely discretionary with the trial court, whose holding will not be set aside on appeal except upon showing an abuse of such discretion. We find no such abuse here. The supporting affidavits fall far short of showing any reasonable probability, as our decisions require, that the unauthorized view of the premises influenced the verdict or prevented defendant from having a fair trial. Although both affidavits stated the matter was discussed in the jury room, neither undertook to give the substance of such discussion. Certainly if this discussion had been prejudicial to defendant, it would have been set out in the affidavits. It is further significant that the juror or jurors accused of misconduct were not made affiants nor otherwise required to relate what they did at the scene or what they said in the jury room.

We agree with the trial court that the showing made is entirely insufficient to justify a new trial, and the judgment of the trial court is affirmed.

Affirmed.

All Justices concur.