*/50 ᵗʰᵉ ʷⁱᵗⁿᵉˢˢ*

CORN EXCHANGE NATIONAL BANK, APPELLEE, V. OCHLARE ORCHARDS COMPANY; HENRY G. HARTE ET AL., APPELLANTS.

FILED JANUARY 2, 1915. No. 17,835.

1. **Trial: INSTRUCTIONS: ISSUES.** When the trial court instructs the jury as to what issues are submitted for their determination, it is not required that the court should tell the jury the reason for so limiting the issue.

2. **Evidence: CONTENTS OF WRITTEN INSTRUMENT.** It is not competent to prove by a witness on the stand the contents of a paper which he holds in his hands while testifying.

3. **Witnesses: IMPEACHMENT.** It is not competent to question a witness as to immaterial matters for the purpose of laying a foundation for impeachment.

4. **Trial: MISCONDUCT OF JURY.** A juror must not state to his fellow jurors material facts not in evidence but within his personal

Corn Exchange Nat. Bank v. Ochlare Orchards Co.

knowledge. If a juror states in the jury room that he is expert in matters of handwriting and can determine a disputed fact from an inspection of papers in evidence or declares that a party to the suit is liable because of some fact proved that would not, as matter of law, justify such finding, this does not constitute such misconduct of the jury as requires a reversal. Assertions of opinion and boasting of ability or expert knowledge are said to "inhere in verdicts," and the law will not regard such matters as misconduct.

APPEAL from the district court for Douglas county: GEORGE A. DAY, JUDGE. *Affirmed.*

*T. W. Blackburn,* for appellants.

*Smyth, Smith & Schall, contra.*

SEDGWICK, J.

The Ochlare Orchards Company executed and delivered its four promissory notes to four several parties, one of them being to one Cummings. The note to Cummings was indorsed by the defendants Henry G. Harte and John H. Harte, and also by Mr. Cummings. Mr. Cummings sold the note to the plaintiff bank, and afterwards the bank brought this action thereon against the company and the three indorsers in the district court for Douglas county. Cummings was not served with process. The action proceeded against the other defendants, and resulted in a verdict and judgment for the plaintiff. The defendants Henry G. Harte and John H. Harte have appealed.

When the note was offered in evidence, there appeared on the back thereof, over the signatures of the appellants, the following indorsement: "Notice of nonpayment and protest and demand for payment is hereby waived by the indorsers hereof." The defense was that the defendants were not notified of the dishonor of the paper as the law merchant requires, and that the above quoted waiver of such notice was not on the paper when these defendants indorsed the same, but was placed thereon afterwards without the knowledge or consent of these defendants. The sole issue of fact to be submitted to the jury was whether

the waiver of notice was placed upon the paper before or after the indorsement by these defendants. These defendants testified positively that the waiver of notice was not on the paper when they indorsed the same. Several witnesses testified as positively that it was. If the issue was properly tried and submitted to the jury their verdict must be conclusive.

The court did not say to the jury that the defendants claimed that they were guarantors only, but it was not necessary to tell them why the time of indorsing this waiver was material. It was sufficient to tell them that their verdict must depend upon that question.

As these four notes were given at the same time, and for the same purpose of providing money for the company, and the respective parties who took them sustained the same relation to the company, the fact, if it was a fact, that the other three notes had no indorsement of waiver of notice, although not directly controlling, might tend to support the contention of these defendants that the companion note in question was not so indorsed when signed by them. A witness on the stand held one of these other notes in his hand while testifying, and was not allowed by the court to state to the jury what indorsements were or were not upon the back of the note which he so held. The court was, of course, right in this. There was no reason for withholding the note itself, which was the best, and, under the circumstances, the only competent, evidence of its contents. The other notes not being in evidence, there was no competent evidence that they were not indorsed with the same waiver of notice. It was therefore not material that the stenographer, who testified that she wrote the waiver on the note in suit before these defendants indorsed the same, had stated out of court that she also wrote the same on the other notes. There was no offer of competent proof that the other notes were not also indorsed with the same waiver of notice.

That some of the jurors argued in the jury room that these defendants would be liable as indorsers, even if the waiver was not upon the note when indorsed by them, and

that some also stated that they had experience in hand-writing and could tell from an inspection of the indorse-ments on the note that the signatures of these defendants were placed thereon after the waiver of notice, would not be such misconduct as to require a reversal. These jurors were not assuming to state evidence of facts within their personal knowledge. They were stating their opinions de-rived from the facts in evidence, and fortifying those opin-ions by showing their ability to judge such matters. Such opinions and discussions of jurors are matters that inhere in the verdict, and no prejudicial error can be predicated thereon. It is not necessary to examine the record to as-certain whether these affidavits of the jurors are properly preserved in the record.

This note was negotiated upon the strength of the in-dorsement of these defendants. It has not been paid. The defense that they were not notified of its dishonor is tech-nical under the law merchant. The question whether they waived such notice was fairly submitted to the jury.

The judgment of the district court is right, and is

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.