FRED M. TRIMBLE V. STATE OF NEBRASKA.

FILED MARCH 23, 1929. No. 26749.

*John C. Mullen* and *Lloyd Dort,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before ROSE, DEAN, GOOD, THOMPSON and DAY, JJ, and REDICK and SHEPHERD, District Judges.

REDICK, District Judge.

Defendant was convicted of the crime of robbery in the district court for Richardson county and sentenced to the penitentiary for a term of ten years, and presents his petition in error to this court, alleging a number of errors in instructions, the refusal of the court to grant a new trial by reason of misconduct of two jurors, that the evidence is not sufficient to sustain the conviction, failure of the

court to instruct the jury as to the weight to be given to testimony of detectives, failure to instruct upon the identification of the defendant, and an error in stating incorrectly in one of the instructions the section of the statute upon which the information was founded. We will discuss these assignments in our own order.

The prosecuting witness, Joseph Kunhart, and three members of his family, who were present, testified without contradiction as to the manner in which the robbery was committed, and the principal dispute is as to whether the defendant was the guilty party. The defendant was positively identified by the four members of the Kunhart family, who testified that they had known him for a number of years, had heard him speak in person and over the telephone a number of times, and recognized him by his voice and his crippled hand. They testified that he was accompanied by his son, Durban Trimble, and detailed with great particularity the various events leading to the robbery. The defendant had lived for many years on a farm within three and one-half miles of the Kunhart place. The robbers were masked so that their faces could not be recognized, but their identification was positive, and unshaken upon cross-examination.

In addition to the denial of the defendant, the defense was based upon an alibi consisting of the evidence of a number of witnesses testifying by deposition tending to show that on the evening of the 20th day of August, 1927, the date of the robbery, the defendant was in the city of St. Joseph, Missouri, and stopping at the Metropole Hotel. To meet this defense the state produced a witness who testified that the defendant was seen in the city of Humboldt early in the evening of August 20, and the testimony of two detectives from St. Joseph attacking the reputation for truth and veracity of nearly all of the alibi witnesses.

It thus appears that there were disputed questions of fact, both as to the charge and the defense, which were proper to be submitted to the jury. It would prolong this opinion to unnecessary length to set out the evidence in

detail, and it must suffice to say that the entire record has been read with great care, and we have reached the conclusion that the jury were warranted in finding the defendant guilty beyond a reasonable doubt. The evidence of guilt is not as convincing as could be desired, but depends for its acceptance upon the credibility of the witnesses and the weight to which their evidence is entitled. These are questions for the sole determination of the jury, and we are unable to say that their conclusion is incorrect, much less that it is clearly wrong. It may be remarked in passing that Durban Trimble, defendant's son, was not called as a witness, nor his absence accounted for. This fact, in all probability, had considerable influence with the jury.

The next assignment to be considered is with reference to instruction No. 4, on the subject of reasonable doubt, which reads as follows:

"A reasonable doubt to warrant an acquittal in a criminal case is not a mere possible doubt, but is such a doubt as, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in such condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge. If, after the entire comparison and consideration of all the evidence, you have an abiding conviction to a moral certainty of the truth of the charge, you are then satisfied beyond a reasonable doubt. You are not at liberty to disbelieve as jurors, if from all the evidence you believe as men. Your oath imposes no obligation on you to doubt, where no doubt would exist if no oath had been administered."

The principal objection to this instruction is that it fails to state that a reasonable doubt may arise from a lack of evidence in the case, and 16 C. J. 997, sec. 2411, is cited, as follows:

"It is proper to charge, and error to refuse to charge, that a reasonable doubt may arise either from the evidence or from a want of the evidence, and that the absence of sufficiently satisfying evidence may be a ground for a reasonable doubt of defendant's guilt. Hence, as a general

rule, an instruction that a reasonable doubt must be one suggested by, or arising out of, the evidence adduced is erroneous, as it excludes all reasonable doubts that may arise from the lack or want of evidence, although there are some decisions to the contrary."

We think the paragraph quoted states the law correctly, but is inapplicable to the instruction complained of. It is not incumbent upon the court in every case to instruct the jury that a reasonable doubt may arise from want of evidence in the case, though, if requested so to do, such instruction should be given. The cases hold that, where the court instructs the jury upon what circumstances will give rise to a reasonable doubt, it is error to say that such doubt must be one suggested by or arising out of the evidence, because it excludes all reasonable doubt that might arise from the lack or want of evidence. Instruction No. 4 did not present that proposition. Its language is that a reasonable doubt is "such a doubt as, after the entire comparison and consideration of all the evidence, leaves the minds of the jurors in such condition that they cannot say they feel an abiding conviction to a moral certainty of the truth of the charge." This does not exclude a reasonable doubt arising from a want of evidence in the case, but rather suggests that a lack of evidence sufficient to convince the jurors of the truth of the charge is sufficient to raise a reasonable doubt. In *State v. Gardiner*, 205 Ia. 30, it was held that, where the instruction on reasonable doubt contained the phrase "arising from the consideration of the whole case," the omission to instruct that it might arise from the want of evidence was not erroneous, although in the case of *State v. Smith*, 180 N. W. 4 (192 Ia. 218), it had been held: "An instruction that a reasonable doubt must be one suggested by, or arising out of, the evidence is erroneous as excluding those arising from want of evidence." In *State v. Tennant*, 214 N. W. 708 (204 Ia. 130) it was held that the "omission, in instruction defining 'reasonable doubt,' to instruct that reasonable doubt may as well arise from absence of evidence as from evidence introduced"

was not reversible error. In *Hiller v. State,* 116 Neb. 582, the following instruction was approved: "By the term 'reasonable doubt,' as used in these instructions, is meant an actual doubt, one that you are conscious of after going over in your minds the entire case, giving consideration to all the testimony and every part of it." It seems, therefore, as above suggested, that the instructions criticized are those which by their terms exclude a want of evidence as a basis for reasonable doubt, but the cases so holding are not applicable to the present one.

This instruction is also criticized because it failed to instruct the jury what evidence was proper to be considered by them on the question of the identification of the defendant. We fail to see why that subject could be properly introduced into the instruction in question. The jury were fully instructed upon the law of the case, and that it was incumbent upon the state to prove, beyond a reasonable doubt, "that on or about the 20th of August, 1927, in Richardson county, state of Nebraska, Fred M. Trimble, forcibly and with violence made an assault upon Joseph Kunhart, and did put him in bodily fear and did forcibly and by violence take and carry away lawful money of the United States, and other personal property of the said Joseph Kunhart, with the intent on the part of said Fred M. Trimble to rob or steal." This instruction sufficiently informed the jury that the jury must be satisfied beyond a reasonable doubt of the identity of the defendant with the robber. If defendant desired a more specific instruction upon that particular point, he should have requested one, which he failed to do. *Osborne v. State,* 115 Neb. 65, where it was held: "If either party desires an instruction which would serve only to guide the jury in weighing certain features of the evidence in connection with the issues, he must request such specific instruction."

Defendant complains of instruction No. 7 on the defense of alibi, and argues that the following sentence placed the burden of proof as to this defense upon the defendant: "If you are not satisfied beyond a reasonable doubt of the de-

fendant's presence at the commission of the crime charged against him, you should acquit him." This sentence deals with the presence, not the absence, of defendant, and will not bear the construction claimed for it.

He also complains of instruction No. 8 on the subject of circumstantial evidence, but this is in the precise language of the syllabus in *Smith v. State*, 61 Neb. 296, and is without error.

Defendant also complains of instruction No. 10 telling the jury that they have nothing to do with the punishment of the defendant and are not to consider it in arriving at their verdict. This complaint is without merit. Cases cited where the jury fixes the penalty are not in point.

Also instruction No. 12 the general one upon the credibility of witnesses. This instruction has been approved many times and is not subject to criticism.

Error is claimed for the refusal of the court to grant a new trial for misconduct of juror Cooper, and affidavits of two witnesses for defendant are to the effect that prior to the trial Cooper had said on one occasion that he believed Trimble got the money. The affidavit of Cooper states these affidavits are not true, "as I believe," and states positively that he never discussed the case with any one as to the guilt or innocence of the defendant before it was submitted to the jury. The mere expression by a prospective juror of a belief that defendant was guilty, not founded on knowledge of any facts and not amounting to a firm conviction or conclusion on the part of the juror, is not sufficient of itself to require the granting of a new trial. 16 C. J. 1154, sec. 2650. The juror upon his *voir dire* said he knew nothing about the case except what he read in the paper, and had not formed or expressed any opinion, that at that time he had no opinion, and that he could try the case fairly and impartially; also, that he was not acquainted with defendant or Kunhart. We think this evidence fails to show bias and prejudice of the juror requiring a new trial, and that the trial judge did not abuse his discretion in refusing it.

Error is also claimed for refusal to grant a new trial for misconduct of juror Prichard. Defendant presented affidavits of several jurors that, upon entering the jury room for deliberation, Prichard said: "I have my mind made up that the defendant is guilty, and I had my mind made up before the trial was ended." Prichard's affidavit is that, after he was elected foreman, "I told the other jurymen that now was the time to discuss the case, but that I had my mind made up as soon as I heard all the evidence in the case and before the attorneys made their arguments," and he is supported substantially by a number of other jurors. This was an attempt by affidavits of the jurors to impeach their own verdict by showing what took place in the jury room during their deliberations as to a matter inhering in the verdict. Suppose the juror had said that in making up his verdict he had disregarded the evidence or instructions. Evidence of this would be incompetent within the reasoning of *Johnson v. Parrotte*, 34 Neb. 26, 30. We think the affidavits were incompetent. See *Palmer v. Parmele*, 104 Neb. 30; *Corn Exchange Nat. Bank v. Ochlare Orchards Co.*, 97 Neb. 536. However, while a juror should try to withhold final judgment until after argument and instructions, it is common knowledge that, as the evidence is produced, the mind receives impressions, strong or weak, which go to make up the final decision, which the arguments and instructions may alter or confirm. The statement complained of was made after the case had been finally submitted to the jury, and it would be a matter of some difficulty for the juror himself, *a posteriori*, to determine at what particular point his mind had been made up. We are of opinion that it would establish a dangerous precedent to permit the verdict to be set aside upon such evidence. No abuse of discretion on the part of the court is shown by this ruling. *McColley v. State*, 116 Neb. 512.

Error is claimed in the reception by the court of the evidence of two detectives from St. Joseph as to the reputation for truth and veracity of a number of defendant's

alibi witnesses, and also for refusal of the court to strike out such testimony after cross-examination. Before testifying that the reputation of the respective witnesses was bad, the detectives stated that they knew their reputation in the community in which they lived, and therefore a proper foundation was laid. Upon cross-examination defendant elicited answers tending to show that the witnesses were not competent, which, perhaps, had they appeared before the evidence in chief was given, it would not have been error for the court to exclude such witnesses; but the evidence having been received after sufficient foundation shown, and in some respects strengthened by the cross-examination, we think the court did not err in refusing to strike it from the record. A consideration of the entire evidence of these witnesses enabled the jury to determine what weight should be given their testimony. Defendant might have asked the privilege of preliminary examination of the witnesses as to their qualifications before the answers objected to were given, but did not do so.

Complaint is made of the failure of the court to instruct the jury as to the care to be taken in considering the evidence of detectives. This point is not well taken for the reason that the witnesses in question were regular detectives of the city of St. Joseph and had no pecuniary interest in the result of the trial, and were, therefore, within the class to which such an instruction has been held inapplicable. *Keezer v. State,* 90 Neb. 238; *Flanagan v. State,* 117 Neb. 531.

Defendant was charged with the crime of robbery as defined in section 9557, Comp. St. 1922. This section was amended by chapter 71, Laws 1927, which went into effect July 23 of that year. The amendment reenacted the definition of the crime, and merely extended the maximum term of punishment to fifty years, and repealed the original section. The information did not state under what act it was drawn, but the court, by instruction No. 1, erroneously stated that the charge was under section 9557, Comp. St. 1922. As the crime with which defend-

ant was charged was committed August 20, 1927, he now claims that by reason of the error of the court he was convicted under a statute which had been repealed. We think this contention is unsound. The definition and elements of the crime are precisely the same in both statutes, and no possible prejudice to defendant resulted from the erroneous citation, which was not necessary to be given in the instruction. The act of 1927 was in effect at the time of the commission of the crime, and defendant had no more right to commit robbery, if he did so, in August than he would have had at any prior date in that year. The deletion of the words "Compiled Statutes of Nebraska" and "1922" and the substitution therefor of the word "Laws" and "1927" would correct the instruction and not change its legal effect.

It is further complained that the trial judge was unfair to defendant, but there is absolutely no evidence in the record to sustain this charge. Other alleged errors are discussed in the brief, but not included in the assignment of errors, nor considered of importance by the court, and therefore will not be considered.

We find no prejudicial error in the record, and the judgment is

AFFIRMED.