ROBERT MCKINLEY GLASGOW, PLAINTIFF IN ERROR, V.
THE STATE OF NEBRASKA, DEFENDANT IN ERROR.

22 N. W. 2d 842.

FILED MAY 17, 1946. No. 32047.

*Boyle & Boyle,* for plaintiff in error.
*Walter R. Johnson, Attorney General,* and *C. S. Beck,* for defendant in error.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

By petition in error Robert McKinley Glasgow brings here for review the record of his conviction in the district

court for Douglas County for violation of section 28-945, R. S. 1943.

The material part of section 28-945, R. S. 1943, is as follows: "Whoever shall set up or keep any * * * gambling device * * * adapted, devised and designed for the purpose of playing any game of chance for money or property, * * * shall upon conviction be punished * * *."

The information charges as follows: " * * * that on or about the 7th day of July in the year of our Lord one thousand nine hundred forty-four Robert McKinley Glasgow * * *, in the County of Douglas and the State of Nebraska * * * did * * * unlawfully and feloniously set up and keep gambling devices * * *, to-wit: three slot machines, adapted, devised and designed for the purpose of playing games of chance for money or property; * * *."

The plaintiff in error will, for the purpose of convenience, be referred to as the defendant.

Defendant contends that the evidence is insufficient to show that the machines seized are adapted, devised, and designed for the purpose of playing games of chance for money or property. There is evidence in the record to show that three of the machines seized were in working condition; that they were slot machines; that one of the machines operated by the use of nickels, another by the use of dimes, and the third by the use of quarters; that each machine operated by inserting a coin of the proper denomination in a place provided therefor and then pulling a handle attached to the machine; and that if the spinning wheels stop so as to form a combination of figures or characters as indicated on the machine then it will pay the number or amount of the same denomination coins as such combination indicates. We think the evidence is sufficient to sustain a finding that the machines seized are adapted, devised, and designed for the purpose of playing games of chance for money.

The defendant further complains that the court sustained the objection to his offer to show that Edward Brown was the elected sergeant at arms of the Theatrical Mutual As-

sociation, known as T. M. A., and was such during July 1944; that as such officer he had complete control of all entertainment and social activities in the Lodge; and that he had complete control over the slot machines.

The place in which the machines were seized, located at 1408½ Farnam Street, is apparently the club rooms or under the management of T. M. A.

The evidence shows without dispute that defendant knew the machines were on exhibit and display in the room where they were seized for at least four or five days; that he was present at the time they were seized; that he had charge of the door to the room where they were kept; that he let people in and out as they came to this door; and that he was in immediate charge thereof.

Without discussing the nature of Edward Brown's responsibility, the offer was properly excluded for the defendant cannot shift the responsibility for his own conduct to that of another when he was actually in charge of the place where the machines were set up and kept on display for the use of those present.

Defendant further contends that the information charged him with violating section 28-945, R. S. 1943, a statute referring to the subject of keeping gambling fixtures, whereas the court, by its instructions No. 3, 4, 5, and 7, submitted to the jury the question of his guilt under section 28-947, R. S. 1943, referring to the subject of a common gambler.

Section 28-947, R. S. 1943, so far as material here, provides: "Whoever keeps or exhibits any gaming table, establishment, device or apparatus, to win or gain money or other property of value, or aids, assists or permits others to do the same, * * * shall be deemed and taken to be a common gambler, * * *."

Instruction No. 3 given by the court is as follows: "You are instructed that the Statute of the State of Nebraska, in so far as they relate to this case, is as follows: 'Whoever keeps and exhibits any gaming table, establishment device or apparatus to win or gain money or other property of value' shall be punished as provided by law."

Instruction No. 7 given by the court is as follows: "You are instructed that if you find from the evidence and under these instructions beyond a reasonable doubt that the defendant did on or about the 7th day of July, 1944, in the County of Douglas, and State of Nebraska, keep or exhibit gaming tables or any devices and apparatus for the purpose of winning or gaining money or other property of value, then you will find the defendant guilty as charged in the Information. If you are not so satisfied by the evidence beyond a reasonable doubt, you should find the defendant not guilty."

It is evident from the instructions quoted that the court instructed under a different statute from that under which the information was filed. That fact alone would not result in prejudicial error for as stated in Trimble v. State, 118 Neb. 267, 224 N. W. 274: "The definition and elements of the crime are precisely the same in both statutes, and no possible prejudice to defendant resulted from the erroneous citation, which was not necessary to be given in the instruction."

However, it is the duty of the court to instruct the jury on the law of the case, whether requested to do so or not, and if the instructions, by the omission of certain elements, have the effect of withdrawing from the consideration of the jury an essential issue or element of the case, it is error.

As stated in Goldsberry v. State, 66 Neb. 312, 92 N. W. 906: "It is error for the court to instruct the jury that they may convict the defendant without finding a specific fact which constitutes one of the essential ingredients of the offense charged." And in Young v. State, 74 Neb. 346, 104 N. W. 867: "It is the duty of the trial judge, particularly in criminal actions, to instruct the jury as to the rules of law governing the disposition of the cause, whether he is requested to do so or not; and if a charge to a jury, by omission to instruct on certain points, in effect withdraws from their consideration an essential issue of the case, it is erroneous."

From an examination of section 28-945, R. S. 1943, it appears that one of the essential elements is that gambling devices set up and kept be adapted, devised, and designed for the purpose of playing games of chance for money or property and the information so charges. In the submission of the defendant's guilt or innocence of the crime charged this essential element was left out of the instructions submitting that issue. Nor is it an essential element under section 28-947, R. S. 1943, which was the basis of the court's instructions. We think there was prejudicial error in the instructions because thereof.

While, as previously stated herein, there is evidence in the record from which the jury could have found that the machines here seized were adapted, devised, and designed for the purpose of playing games of chance for money or property, however, as stated in Goldsberry v. State, *supra*: "For the error committed by the court in taking away from the jury the question of fraudulent intent, and authorizing them to find defendants guilty without finding that the intent charged was proved by the evidence beyond a reasonable doubt, the sentence must be reversed, although there is much reason to suppose the result of the trial would have been the same if the case had been submitted under proper instructions."

In this regard we have not overlooked section 29-2308, R. S. 1943. But it is still the duty of the jury to determine the guilt or innocence of a person charged with a statutory crime. In that respect it is the duty of the trial court to instruct the jury on the law of the case. If any of the essential elements of the crime are omitted therefrom, thereby having the effect of withdrawing those issues from the jury, it must be reversed for retrial for we cannot substitute ourselves for the jury in determining whether or not such elements have been established beyond a reasonable doubt.

REVERSED AND REMANDED.