## FLOYD SANDAGE v. STATE OF NEBRASKA.

FILED JANUARY 23, 1901. No. 11,407.

1. **Detectives: INSTRUCTION: WEIGHING OF TESTIMONY.** Where informers, detectives, or other persons employed to hunt up testimony against the accused, are called to testify against him, he is entitled to an instruction to the jury that in weighing their testimony greater care should be exercised than in the case of witnesses who are wholly disinterested. *Preuit v. People*, 5 Nebr., 377, followed.

2. **Charge: CONVICTION: PRINCIPAL: ACCESSORY.** Where one is charged as principal in a felony he can not be convicted as an accessory, and, *vice versa*, where one is charged as an accessory he can not be convicted as a principal; and where, in a criminal

prosecution against a defendant charged as principal in the crime of burglary, the jury are instructed that the defendant may be found guilty if he advised and counseled the commission of the crime, such instruction is erroneous, as authorizing a conviction as an accessory on an information charging him as principal in the alleged burglary.

ERROR from the district court for Fillmore county. Tried below before STUBBS, J. *Reversed.*

*F. B. Donisthorpe,* for plaintiff in error.

*Constantine J. Smyth, Attorney General,* and *Paul Pizey, contra.*

HOLCOMB, J.

The plaintiff in error, defendant below, was informed against and convicted of the crime of burglary. The offense charged was alleged to have been committed by breaking into a chicken-house with intent to steal and stealing a number of chickens therefrom. The evidence on which the verdict is based is wholly circumstantial. The defendant resided at Harvard, Clay county, and was engaged in the business of buying chickens and reselling them to a poultry dealer doing business at Hastings. The offense is alleged to have been committed about seventeen miles from Harvard, in the county of Fillmore. The only direct evidence tending to show the defendant to have been at or near the place where the offense is alleged to have been committed, and in the county, was the testimony of one witness, residing in the neighborhood, who testified that on the day preceding the night of the alleged burglary the defendant called at his residence and made inquiries respecting the purchase of poultry. The testimony of this witness is effectually disproven by other and sufficient evidence showing the defendant to have been at home during the afternoon and evening of the day mentioned. As to the testimony of the witness mentioned, it appears to have been a case of mistaken identity. It is abundantly established by the

20

evidence that the defendant was in possession of the stolen chickens on the day succeeding the night of the burglary. He claims to have purchased them through his wife of one Viret Hawkins and one unknown person. The theory of the state is that the defendant, a brother-in-law named Ed. Clark, and the said Viret Hawkins, who appears to be a nephew of Clark, were all engaged in the burglary and larceny. That the defendant had guilty knowledge of the stolen property being such is, we think, fairly inferable from the record. Whether as a principal, accessory, or as one receiving stolen property knowing it to be such, it is not necessary or proper that we should undertake herein to determine.

On the trial of the case the state relied on the testimony of a witness who is a member of a detective association, and was engaged in procuring evidence to establish the guilt of the parties accused of the crime. The witness testified to his work as a detective, certain facts which were offered as tending to establish the guilt of the defendant, and to reputed conversations had between the detective and the accused relating to the offense with which he was charged. The defendant on the trial, and after the introduction of such testimony, requested an instruction to the jury, to the effect that, in weighing such testimony, greater care should be exercised in relation to the testimony of a detective employed in hunting up evidence, who is interested in or employed to find evidence against the accused, than in other cases; because of the natural and unavoidable tendency and bias of the mind of such person to construe everything as evidence against the accused, and to disregard everything which does not tend to support a preconceived opinion of the matter in which such person is engaged. The instruction was drawn in conformity with the rule as announced by LAKE, C. J., in *Preuit v. Peop.* ., 5 Nebr., 377, and should have been given. The testimony was clearly of the character which entitled the defendant to an instruction that it should be weighed with greater care

than that given by disinterested witnesses. *Kastner v. State*, 58 Nebr., 767.

The jury were also instructed in the twelfth instruction given by the court on its own motion as follows: "You are instructed that if you shall find from the evidence that the defendant obtained possession of the chickens, or some of them, that were stolen from Mrs. Brotherton, if in fact you find that any were stolen, and shall further find from the evidence that the accused had knowledge at the time of receiving said chickens that they had been stolen from Mrs. Brotherton, still you should find the defendant not guilty of the crime of burglary unless you further find that he participated in the burglary or that he counseled or advised the commission of the crime." By this instruction the jury were authorized to find the defendant guilty as a principal, although the jury may have found by the evidence that he was only an accessory to the crime. This, we understand, can not be done under the laws of this state, which make the offense of an accessory independent of that of the principal, and a substantive offense in itself.

The defendant was charged with the crime of burglary, and by the jury was found guilty as charged. Under the instruction, this verdict was warranted, even though, as is more probable under the evidence as we understand the record, they believed he was guilty only of aiding, abetting, or advising the commission of the crime, and was the recipient of the fruits thereof. In *Casey v. State*, 49 Nebr., 403, says POST, C. J., writing the opinion of the court (p. 406): "In those states where, by statute, the distinction between principals and accessories has been abolished, the accused may be charged either as a principal or an accessory before the fact, or both, at the option of the pleader; but in other jurisdictions, where, as in this state, the rule of the common law has not been relaxed, one not present or actually participating in the commission of the crime alleged, but whose offense consists in the aiding, inciting,

or procuring of its commission by the principal offender, should be charged as an accessory before the fact, and since, as has been said, 'The law never condemns' without accusation, * * * one indicted as a principal in a felony cannot be convicted of being an accessory before the fact, or, indicted as such accessory, cannot be found guilty as a principal felon.' (1 Bishop, Criminal Law, sec. 803.) And in *Wagner v. State*, 43 Nebr., 1, IRVINE, C., citing Wharton's Criminal Law, 208, asserts, as a familiar rule, that no conviction as an accessory will lie under an indictment charging one as principal, and *vice versa.*"

It follows from what has been said that the judgment of conviction can not be sustained, but must be reversed and a new trial ordered, which is accordingly done. .

REVERSED AND REMANDED.