## LOUIS KEEZER ET AL. V. STATE OF NEBRASKA.

### FILED NOVEMBER 14, 1911. No. 17,179.

1. **Homicide:** INFORMATION: REQUISITES. In charging murder while the accused is attempting to perpetrate a robbery, it is not necessary to allege that the act was committed deliberately and with premeditation.

2. ———: ———: PROOF. These allegations not being essential in stating the offense, if made, may be rejected as surplusage, and need not be proved separate and apart from proof of the killing while the accused is in the perpetration of the robbery.

3. ———: EVIDENCE. In the case at bar, since the jury might well find from the evidence beyond all reasonable doubt that the accused planned to waylay, assault and rob two men, and did carry their plan into execution by assaulting the men, robbing one of them and beating the other so that he died, the triers of fact might logically find that the last described victim was assaulted with the intent on the part of the accused to rob him, although they denied the intent and there is no direct evidence that his person was searched or any property taken therefrom.

4. ———: INSTRUCTIONS. In that state of the proof, the court having instructed the jury that the accused were presumed to be innocent, they were not entitled to a further instruction that the presumption is that no such intent existed and no attempt was made.

5. **Criminal Law:** INSTRUCTIONS: CREDIBILITY OF WITNESSES. The rule announced in *Preuit v. People*, 5 Neb. 377, that "where informers, detectives, or other persons employed to hunt up testimony against the accused are called to testify against him, he is entitled to an instruction to the jury that in weighing their testimony greater care should be exercised than in the case of witnesses who are wholly disinterested," will not ordinarily apply to a county attorney, a sheriff, or to his deputy.

ERROR to the district court for Cass county. HARVEY D. TRAVIS, JUDGE. *Affirmed.*

*Benjamin S. Baker,* for plaintiffs in error.

*Grant G. Martin, Attorney General,* and *Frank E. Edgerton, contra.*

ROOT, J.

The plaintiffs in error prosecute a joint petition to secure the reversal of a judgment of life imprisonment upon a conviction of murder while attempting to rob Mike Geno.

Briefly stated, the facts are that Geno, Martin and Sanders, about 8 o'clock P. M., were by the accused waylaid in a secluded place, and Sanders and Geno beaten with clubs into insensibility, and Sanders robbed. Martin escaped, and Sanders survived the assault, while Geno did not recover consciousness, but died the succeeding day. The accused admitted to the sheriff and to the county attorney that they assaulted the men and robbed Sanders, and that the robbery was planned during the day, but each charged the other with being the controlling factor in the transaction. Sitzman signed a written statement in substance as we have stated, but did not therein admit that the assault was premeditated. During the trial the accused testified, in substance, that, while searching for a cow, they were reviled and assaulted by Sanders and Geno, and the injuries to these men were inflicted by the accused in self-defense, and that Sanders' pocket-book having fallen from his pocket during the affray was taken by the accused, and its contents divided between them; that they were induced to make statements to the officers by a promise that it would be better for them to do so, as thereby they would escape with a light sentence; and each denied having admitted that they planned the assault, or that they intended to take the money stolen until incidentally they noticed the pocket-book on the ground.

It is argued by counsel for the accused that the court did not instruct as to venue, but in this he is in error. In instruction numbered 1, the jury were told that the material allegations were, among other things, that the assault and attempt occurred in Cass county, Nebraska, and in instruction numbered 2, they were further informed that the burden of proof was upon the state to prove by

the evidence beyond a reasonable doubt every material allegation in the information.

The information contained four counts. The first charged deliberate, wilful and premeditated murder; the second charged the killing of Mike Geno while the accused were attempting to rob and while robbing Geno and Sanders; the third count charged Keezer with striking the fatal blow, and that Sitzman was present, aiding and abetting; while the fourth count charged that Sitzman inflicted the fatal wounds, and that Keezer was present aiding and abetting. Before any testimony was taken, counsel for the accused requested the court to compel the county attorney to elect whether to prosecute upon the charge in the second count that the murder occurred while the accused were attempting to rob or while they were robbing Geno, and also to elect whether he would prosecute for the murder of Geno while the alleged felonies were being perpetrated on Geno or on Sanders. Thereupon the prosecutor, with the court's permission, struck from this count all reference to Sanders, and elected to prosecute on the charge of murder while the accused were attempting to rob Geno. In this count the pleader in charging the assault stated that the accused "did, then and there purposely and of their deliberate and premeditated malice, strike, beat," etc. The accused requested the court to instruct the jury that, although the prosecutor was not compelled to charge premeditation or deliberation, yet, having done so, it was incumbent upon the state to prove those elements beyond all reasonable doubt to justify a verdict of guilty. This request was refused, and in no part of the court's charge with reference to the second count were the jury told that they could not convict unless they were satisfied that the accused acted deliberately and with premeditation.

Section 3 of the criminal code is as follows: "If any person shall purposely and of deliberate and premediated malice or in the preparation or attempt to perpetrate any rape, arson, robbery, or burglary, or by administering

poison, or causing the same to be done, kill another; or, if any person by wilful or corrupt perjury or subornation of the same, shall purposely procure the conviction and execution of any innocent person, every person so offending shall be deemed guilty of murder in the first degree, and upon conviction thereof shall suffer death or shall be imprisoned in the penitentiary during life, in the discretion of the jury."

The allegations essential to charge murder in the first degree when the accused takes human life while committing any of the felonies enumerated in this section have been fully considered by this court, and, while some of its members have refused to concur in the majority opinions, it has uniformly been determined that it is not necessary to charge deliberation or premeditation or a purpose to kill. *Morgan v. State,* 51 Neb. 672; *Rhea v. State,* 63 Neb. 461; *Taylor v. State,* 86 Neb. 795. For the purposes of this case, we shall only discuss the presence and effect of the words "deliberate and premeditated." Counsel for the accused is correct in admitting that these words need not be included in a charge of murder in the first degree where the accused is charged with murder while perpetrating or attempting to perpetrate a robbery. Bishop, Directions and Forms (2d ed.) sec. 532; Archibold, Criminal Pleading (24th ed.) p. 890; *State v. Van Tassel,* 103 Ia. 6.

The general rule concerning the effect of nonessential allegations in an indictment is stated in Archibold, Criminal Pleading (24th ed.) p. 363: "Allegations which are not essential to constitute the offense, and which may be omitted without affecting the charge, or vitiating the indictment, do not require proof, and may be rejected as surplusage." See, also, Joyce, Indictments, sec. 265. In *Morgan v. State, supra,* it was held that the mental condition present when murder in the first degree is committed is "incontrovertibly presumed from the crime of rape, in the perpetration of which the homicide is alleged to have been committed," and this principle is sustained by many authorities. *State v. Van Tassel, supra; Washing-*

19

*ton v. State,* 25 Tex. App. 387; *Moynihan v. State,* 70 Ind. 126; *State v. Brown,* 7 Or. 186; *People v. Mooney,* 2 Idaho, 17; McClain, Criminal Law, sec. 355. In the instant case the same result flows from proof that Geno was killed while the accused were attempting to rob him.

Counsel for the accused also argue that, since no intervening cause prevented them from robbing Geno and they did not do so, his requested instruction, that the presumption is that no such an intention existed, should have been given, and that there is no proof to sustain the charge of an attempted robbery of this man. No one other than the accused actually knows whether Geno was robbed or whether they intended to rob him, Sanders was insensible, Martin had fled, and Geno did not recover consciousness, so his statement was not before the jury. For some reason, the state made no proof of the condition of Geno's pockets when he was first discovered after the assault, nor did it prove whether there was any valuable property on his person before or after the assault. However, the accused admitted in their separate confessions that they planned robbing Geno as well as Sanders, that both men were assaulted at the same time, and that Sanders was robbed. From all of the facts and circumstances proved by the evidence, the jury were justified in finding that the accused intended to rob Geno at the time they assaulted him. The court did instruct the jury generally that the accused were presumed to be innocent, and that this presumption continued until the state proved their guilt beyond all reasonable doubt. In this condition of the record, the accused were not entitled to the instruction requested. The proof is also sufficient to sustain the charge.

Counsel for the accused finally complain that the court did not give his requested instruction that the jury should scrutinize with greater care the testimony of witnesses engaged in hunting up evidence than the testimony of the other witnesses. The witnesses to whom this instruction was intended to apply are the county

attorney, the sheriff and the deputy sheriff of Cass county. In *Prewit v. People,* 5 Neb. 377, the rule was announced that "where informers, detectives, or other persons employed to hunt up testimony against the accused are called to testify against him, he is entitled to an instruction to the jury that in weighing their testimony greater care should be exercised than in the case of witnesses who are wholly disinterested." This decision was followed in *Heldt v. State,* 20 Neb. 492, and in *Sandage v. State,* 61 Neb. 240. This is an exception to the general rule that the credibility of witnesses is solely for the jury to determine, and that the court should not attempt to influence the jury by discrediting the testimony of any witness, and does not find universal support in the decisions of other courts, nor in the books written upon this subject. Rapalje, Law of Witnesses, sec. 189; Underhill, Criminal Evidence (2d ed.) sec. 280a, and authorities there cited. The county attorney, the sheriff and the deputy sheriff are not spies, informers or detectives dependent upon a conviction for a pecuniary reward, and in the circumstances of this case we shall not extend the rule to include them within its ban.

Some other immaterial matters are referred to in the briefs, but we find nothing in the record prejudicial to the accused.

The judgment of the district court is

AFFIRMED.