FERL FLANAGAN ET AL. V. STATE OF NEBRASKA.

FILED OCTOBER 19, 1928. No. 26385.

*Edward J. Lambe* and *Bartos, Bartos & Placek*, for plaintiffs in error.

*O. S. Spllman, Attorney General,* and *Harry Silverman, contra.*

Heard before GOSS, C. J., ROSE, GOOD, THOMPSON and EBERLY, JJ., and REDICK, District Judge.

EBERLY, J.

The defendants, Ferl Flanagan and James Burruss, were jointly charged with cattle stealing in the district court for Furnas county, Nebraska. To this charge both entered pleas of "not guilty." A trial of the issues by a jury resulted in a verdict of "guilty as charged." Both defendants were then sentenced to be confined in the state

penitentiary for a term of four years. From this convic-
tion and sentence, each now presents a separate appeal.

The first error assigned in their behalf is that the dis-
trict court erred in the giving of instruction No. 10 of the
instructions given by that court on its own motion. This
instruction covers the subject of the evidential effect of
proof of unexplained possession of property, alleged to
have been stolen, shortly after the theft thereof. It is con-
ceded that the instruction in itself is a correct statement
of the abstract principles involved, but it is claimed that
it becomes erroneous because inapplicable to the evidence
of the record.

It is to be remembered that the issues herein tried and
determined were pleas of "not guilty" to an information
charging a joint offense. Recent unexplained possession
of stolen property described in the information was not
only established as against Burruss by the witnesses for
the state, but Burruss admits the theft of that property by
himself, and admits that, on the night of the crime, he
conveyed it out of the state of Nebraska. Though Bur-
russ admitted the commission of the crime, his plea of
"not guilty" remained unchanged, and it was essential that
the jury convict him, if at all, upon due consideration of
all the evidence of the record. As to Burruss, at least, it
must be conceded there was ample evidence before the
court to justify the giving of the instruction complained
of. The instruction complained of was limited, by its
terms, as applicable only to such defendant whose unex-
plained possession of the stolen property was established
"by evidence beyond a reasonable doubt." Therefore Flana-
gan could not have been prejudiced thereby.

The defendants next contend that the district court
erred in refusing to give instruction No. 11 requested by
the defendants to the effect that—"A person who, at the
instance of the authorities interests himself in securing
evidence on behalf of the prosecution, or who is sent by
the prosecuting authorities to ingratiate himself into the
confidence of the accused persons and to secure from them

admissions or confessions of guilt, is to be considered in all respects the same as a detective, and in weighing the testimony of such persons, greater care should be exercised than in the case of entirely disinterested and impartial witnesses because of the natural and unavoidable tendency and bias of the mind of such persons to construe everything as evidence against the accused, and to disregard everything which does not tend to support a preconceived opinion of the matter in which such person is engaged." The record discloses that the witnesses to whose testimony it was sought to apply the instruction requested included the sheriff of Furnas county, a deputy sheriff, the sheriff and county attorney of Wichita county, Kansas, as well as the son and brother of the complaining witness and certain farmers residing in the vicinity where the crime was committed. It was conceded in the argument that none of these parties could be properly classed as "detectives," although the fact that the crime committed had enlisted their active interest must be admitted.

In lieu of the instruction requested, the court, on its own motion, instructed the jury that—"In determining the credibility and weight to be given to the testimony of witnesses, you may take into consideration their interest, if any, in the result of this case, their conduct and demeanor while testifying, their opportunities for seeing and knowing the things about which they testify, and the reasonableness or unreasonableness of their story." Instruction No. 14.

The defendants cite as sustaining their contention *Preuit v. People,* 5 Neb. 377; *Kastner v. State,* 58 Neb. 767; *Sandage v. State,* 61 Neb. 240; *Fruide v. State,* 66 Neb. 244.

It would seem, however, that the witnesses in the present case, to whom it is sought to apply the rule set forth in defendants' instruction No. 11, are neither within the spirit nor letter of this rule, in view of the attitude of this court thereon, as evidenced by its later pronouncements.

In *Keezer v. State,* 90 Neb. 238, involving a situation

similar to what we have in the instant case, Root, J., said: "Counsel for the accused finally complain that the court did not give his requested instruction that the jury should scrutinize with greater care the testimony of witnesses engaged in hunting up evidence than the testimony of the other witnesses. The witnesses to whom this instruction was intended to apply are the county attorney, the sheriff and the deputy sheriff of Cass county. In *Preuit v. People*, 5 Neb. 377, the rule was announced that, 'where informers, detectives, or other persons employed to hunt up testimony against the accused, are called to testify against him, he is entitled to an instruction to the jury that in weighing their testimony greater care should be exercised than in the case of witnesses who are wholly disinterested.' This decision was followed in *Heldt v. State*, 20 Neb. 492, and in *Sandage v. State*, 61 Neb. 240. This is an exception to the general rule that the credibility of witnesses is solely for the jury to determine, and that the court should not attempt to influence the jury by discrediting the testimony of any witness, and does not find universal support in the decisions of other courts, nor in the books written upon this subject. Rapalje, Law of Witnesses, sec. 189; Underhill, Criminal Evidence (2d ed.) sec. 280*a*, and authorities there cited. The county attorney, the sheriff and the deputy sheriff are not spies, informers or detectives dependent upon a conviction for a pecuniary reward, and in the circumstances of this case we shall not extend the rule to include them within its ban." The position thus stated was reaffirmed in *McMartin v. State*, 95 Neb. 292.

It is the duty of good citizenship to uphold the law and aid in its enforcement. To do this the detection and punishment of crimes is a necessary incident. A well-considered public policy would indicate that, in the absence of affirmative evidence of the presence of a pecuniary or financial interest on part of a citizen in, or affected by, the results of a contemplated or pending prosecution, his commendable response to the demands of a public duty in the in-

vestigation of a criminal transaction should not necessarily result in discrediting his evidence in a court of justice. In the cases last cited, it is plainly indicated that it is the announced policy of this court to not extend the scope of the rule under consideration.

We therefore conclude that, in view of the fact that the rule announced in the instruction tendered by defendants and sought to be applied to sheriffs, county attorney, and certain citizens, none of whom were properly within the designation "detective," and as to none of whom does the record disclose any pecuniary or financial interest to be affected by the results of the prosecution, the action of the district court in refusing the same, in view of the instruction given by the court on its own motion, is approved.

It is contended that the evidence is insufficient to sustain the conviction of Flanagan. The theory of the state presented at the trial was that the larceny of the cattle was committed by Burruss and Flanagan. Burruss, though entering a plea of "not guilty," was sworn as a witness, admitted his guilt, and claimed that he acted alone. Flanagan also testified in his own behalf and denied that he had anything to do with the larceny.

It would unduly extend this opinion to set forth in detail the evidence contained in the record, but a careful examination of the evidence of a circumstantial nature produced by the state, and comparing it with the opposing evidence of the interested parties in the litigation, convinces us that the verdict of the jury on this conflicting evidence is amply supported and should not be disturbed on appeal.

We cannot say, as a matter of law, that the circumstantial evidence against Flanagan on the question in issue is so lacking in probative force that the jury should not be permitted to declare that they were convinced beyond a reasonable doubt of the truth of the charge against him. We regard this as true, even though it be considered a case in which reasonable minds, even if trained in law and the determination of questions of fact, might differ upon the

question of reasonable doubt involved. The close association of the two defendants immediately prior to the transaction involved, their relationship, their appearance at the scene of the crime on the day preceding the night the property was stolen, the improbability of the story of Burruss as he related it upon the witness-stand, when viewed in the light of the surrounding circumstances and admitted facts, and especially in the light of his apparent motive in taking the witness-stand as a witness, were such that the jury who heard all witnesses, saw the defendants and observed their demeanor on the witness-stand, were fully justified in determining the issues of fact involved in the manner which their verdict establishes. It follows that the contentions of the defendants on this point cannot be sustained.

The judgment of the district court is

AFFIRMED.