JOHN A. NELSON v. STATE OF NEBRASKA.

FILED JULY 19, 1929. No. 26778.

*James G. Thompson* and *Tibbets, Lambe & Hewitt*, for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY and DAY, JJ., and REDICK, District Judge.

EBERLY, J.

In this case the information in approved form charged that "John A. Nelson and another * * * on the 14th day of January, 1928, did * * * have possession of and permit intoxicating liquor to be in and about the farm and barn occupied by defendants with the purpose * * * of unlawful use or disposition of intoxicating liquor," and also charging the same as "constituting a third and subsequent offense."

A trial to jury resulted in a verdict of "guilty" as charged in the information, to which were added special findings by the jury determining that defendant, "John A. Nelson, had been twice previously convicted of violation of the liquor laws of this state." Motion for new trial was overruled and the defendant sentenced to serve one year and six months in the penitentiary of the state of Nebraska. From this conviction and sentence he prosecutes error.

The defendant and his brother "owned," occupied and operated a farm in Harlan county. One Fred Morton with his wife lived with them. His duties apparently were that of "farm help, doing chores, shucking corn." The evidence is uncontradicted that on this farm on the date fixed in the information eleven gallons of intoxicating liquor (distilled moonshine) were actually sold and delivered in consideration of the sum of $121 actually paid in cash therefor. The evidence of the state establishes the defendant's actual

knowledge, approval and active participation in this transaction. The evidence offered and received in behalf of the defendant, if believed, would indicate that the entire transaction was monopolized by Morton, the hired man, and was without the knowledge of the defendant. However, the jury believed the evidence offered in behalf of the state and disbelieved the defendant's witnesses. As a reviewing court we find there is ample evidence in the record of the court. to support the jury's conclusion and verdict.

The questions still remaining are: Was the defendant accorded his right of a fair trial? ' In this connection we find it necessary, in view of the record before us, to discuss but two contentions of the defendant, first, the overruling by the trial court of the defendant's challenge to the jury panel "or array."

With reference to the refusal of the court to give instruction No. 2 requested by the defendant which relates to the necessity of scrutinizing the testimony of detectives, etc., it would seem that, in view of the fact that all witnesses to which this instruction would refer were, as disclosed by the record, county sheriffs and their respective deputies, the principles announced in the case of *Flanagan v. State,* 117 Neb. 531, and *Trimble v. State, ante,* p. 267, are controlling and render further discussion of this subject unnecessary.

So far as the merits of the defendant's claim that the jury panel of sixty was improperly selected, because not apportioned as required by law, and because selected and drawn by officers disqualified to act in their several capacities, we find the evidence in the record does not sustain the contention of the defendant. It affirmatively appears that the members of the board of supervisors of Harlan county, whose disqualification is asserted, in no manner personally participated in the selection of this jury panel of sixty, suggested no names therefor, nor influenced, in any manner, the selection of the names which finally constituted the panel of sixty.

The sheriff, so far as disclosed by the record, was in no

manner disqualified to perform the duties of his office in connection with the trial of this case, and it further appears that the district court, out of abundance of caution, relieved him of performance of any of his duty in connection with the trial so far as the selection of jurors was concerned, by designating another who acted in his place. *Noonan v. State,* 117 Neb. 520.

It is to be remembered that in a selection by the county board of jury panels apportionment is required by law between the several precincts or townships of the county. But "A particular enumeration evidently was not contemplated by the legislature, or provision would have been made for it. They are left to act upon the means at hand, and so long as those adopted are fair, and result in a reasonable approximation to the ratio named, it is all that could have been intended, and all that is required." *Polin v State,* 14 Neb. 540.

In support of the motion offered in behalf of the defendant to quash the jury panel in this case for want of a required apportionment between the several precincts or townships of the county, the affidavits disclosed a list of votes cast in the several precincts, but there was no allegation that those voting were all the persons therein qualified to serve as jurors.

In fact, in view of the present statutory provisions limiting the competency of jurors to "all males residing in any of the counties of this state, having the qualifications of electors, over the age of twenty-five years, and of sound mind and discretion and not being judges of the supreme court, or district court, clerks of the supreme or district courts, sheriffs or jailers, or subject to any bodily infirmity amounting to a disability," etc. (Comp. St. 1922, sec. 9071), the instant case presents a situation of fact quite different from that upon which the determination made by this court in *Clark v. Saline County,* 9 Neb. 516, was based.

At the time that decision was announced, all males residing in any county in this state having the qualification of

electors and being over the age of twenty-one years were competent jurors. There was therefore a definite relation between competency as a juror and competency as an elector. Female suffrage and the restriction of the elective franchise to citizens of the state, as well as raising the age of competency of jurors from twenty-one to twenty-five years, has created a new condition which was not, and could not have been, within the contemplation of this court when *Clark v. Saline County*, 9 Neb. 516, was announced.

The requirement of section 9073, Comp. St. 1922, that the county board "shall * * * meet, and select sixty persons * * * as nearly as may be, a proportionate number from each precinct in the county," is concerned wholly with persons having the legal qualification of jurors and at the present time has no relation whatever to qualified electors of less than twenty-five years of age. Legal voters and persons having the legal qualification of jurors are not now identical. Indeed, the number of votes cast at any election in any precinct of any county, in view of the changed statutory situation, furnishes no basis whatever for a definite inference as to the number of persons possessing the qualification of jurors in such precinct.

Yet, even under the conditions that obtained when *Clark v. Saline County*, 9 Neb. 516, was determined, this court made use of the following language:

"The affidavit filed in this case, however, fails to state the whole number of persons competent to serve on grand and petit juries in the several precincts of the county, and is therefore insufficient. The list of votes cast in the several precincts, without an allegation that those voting were all the persons therein competent to serve as jurors, is not sufficient to justify the court in setting aside the panel. It must affirmatively appear that the apportionment was not properly made."

In view of the changed situation, the rule just quoted applies with still stronger force to the facts disclosed in the record before us and renders the conclusion inevitable that

the facts upon which the defendant relies to sustain his challenge to the array are wholly insufficient for that purpose.

It may be further observed that the jury panel of sixty is not defective if all its members possess the qualifications prescribed in section 9071, Comp. St. 1922, even though some of the members of the panel may be disqualified for other causes from rendering jury service at the particular term or in a particular case. *Northeastern N. R. Co. v. Frazier,* 25 Neb. 42; *Kerr v. State,* 63 Neb. 115. Defendant's challenge to the array was properly overruled.

In conclusion, from a careful examination of the record in this case, we are convinced that the accused has been accorded a fair trial, and that his rights to the same have been properly safeguarded by the trial court, and the conviction and sentence are therefore

AFFIRMED.