LOUIS NEIDEN V. STATE OF NEBRASKA.

FILED JANUARY 23, 1931. No. 27639.

*Mockett & Finkelstein, Claude S. Wilson, Roy F. Gilke-son, Hymen Rosenberg* and *Sanden, Anderson, Laughlin & Gradwohl,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

GOSS, C. J.

The plaintiff in error was convicted of receiving stolen goods valued by the jury at $100. The information charged that these goods, being cigars and cigarettes, were stolen from the owner, Pepperberg Segar Company, were received by Neiden, knowing them to have been stolen, and with intent to defraud the owner. Comp. St. 1922, sec. 9601, Comp. St. 1929, sec. 28-513.

There was ample evidence to submit to the jury and upon which the jury might have found that the goods were stolen by Walter Mohr and Kenneth Burley from the owner and sold and delivered by them to Neiden. Mohr and Burley had been convicted of stealing these particular goods, and were brought from the state reformatory, to which they had been committed, and testified

against Neiden on his trial for receiving the stolen goods. The effect of their testimony was that Neiden had procured them to steal the goods. This he strenuously denied; and showed that the first of his dealings with these witnesses arose by reason of the fact that Mohr sold Neiden some similar stock out of the stock of Mohr's brother, a druggist who was closing out his business. This was an innocent transaction. As witnesses for the state, Mohr and Burley gave plausible and circumstantial testimony relating to the sale charged and to other instances in which they had stolen and sold to him these and other goods. In this state of the evidence the defendant requested the court to instruct the jury in relation to the law as to accomplices: That Mohr and Burley were what is known in law as accomplices, and that, while a person accused of a crime may be convicted upon the testimony of an accomplice, yet the jury should act upon such testimony with great care and caution and subject it to careful examination in the light of other evidence in the case. The court refused the instruction tendered and gave no cautionary instruction as to the testimony of these witnesses. This is the first error assigned.

The state's brief does not go so much to the form as to the substance of the instruction requested; that, "by the weight of authority, the thieves are not accomplices of the receiver."

Many cases are abstracted in Words and Phrases, illustrating what is meant by the term "accomplices," and holding that the test, or a general test, to determine whether a witness is an accomplice is whether he himself could have been indicted or informed against for the offense for which the accused is being tried. It is probably true that the general rule established and sustained by the great weight of authority is that the thief is not an accomplice of the receiver of the stolen goods. Where a different rule prevails, it is usually because of statutory control or influence.

In 1907 one was charged and found guilty of stealing hogs, but the judgment was reversed by this court because the evidence showed that he was not a principal but merely an accessory before the fact. The opinion recites that the common-law distinction between principals and accessories still persists in this state, that aiding, abetting or procuring another to commit a felony is a substantive and independent crime, and that one cannot be convicted of larceny when the evidence shows he is merely an accessory. *Skidmore v. State,* 80 Neb. 698. Sixteen years later, the same ruling was set forth in the reversal of the conviction of one charged with stealing an automobile. *Francis v. State,* 111 Neb. 580. Both opinions were written by Judge Letton, who calls attention to the fact that, since the automobile was stolen and became the subject of the last named case, the legislature, by chapter 89, Laws 1923, had made a change in the substantive law which, fortunately for the defendant at the bar, was not in effect until some months after his offense had been committed. That change is now embodied in section 28-201, Comp. St. 1929, and reads as follows: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender."

Section 28-201, Comp. St. 1929, has been construed to mean: "That the same rule as to the information, conduct of the case, and punishment, heretofore applicable to a principal, should thereafter govern his aider, abettor, or procurer, and that no additional facts need be alleged in an information against such accessory before the fact than are required against his principal." *Scharman v. State,* 115 Neb. 109. *In re Resler,* 115 Neb. 335; *State v. Girt,* 115 Neb. 833. The very purpose of the act was to remove the inhibition against uniting in a prosecution two persons who formerly had to be prosecuted for separate substantive offenses.

There is testimony by Burley and Mohr from which the jury might infer that the defendant induced them to steal

the cigars and cigarettes. If the jury believed that, then the defendant procured them to commit the offense; he could have been charged as a principal, under the authority of section 28-201, Comp. St. 1929, and therefore was an accomplice of theirs in the larceny or burglary by which the goods were obtained. On the other hand, there was testimony from them from which the jury might find that the defendant did not procure them to steal these particular cigars and cigarettes from the particular owner, Pepperberg Segar Company, but purchased them from Burley and Mohr, knowing they had been stolen by them from some one. In other words, if that inference from the evidence be adoptable, then these two witnesses aided, abetted and procured Neiden to purchase these stolen goods, and under section 28-201, Comp. St. 1929, were principals with him in that offense; for it is now a crime for any one to aid, abet or procure one to buy or receive stolen property. The statute makes an accessory guilty of the substantive offense.

New York also has a penal statute making an aider, abettor or procurer a principal. The court of appeals held that the receiver of stolen goods cannot take with guilty knowledge unless aided by the thief in delivery, and that the thief is, therefore, an accomplice concerned in the crime of receiving as a principal. *People v. Kupperschmidt*, 237 N. Y. 463. So, also, *Moynahan v. People*, 63 Colo. 433; *People v. Coffey*, 161 Cal. 433; *State v. Coroles*, 277 Pac. (Utah) 203.

"An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of the crime." Wharton, Criminal Evidence (10th ed.) sec. 440. So, under the facts in this case, Burley and Mohr were presented as witnesses by the state as accomplices of Neiden, being confessed aiders in his buying of the stolen goods. While he denied by his plea of not guilty and by his oral testimony as well that he knew the goods were stolen, yet he was entitled

to a cautionary instruction as to these alleged accomplices, who were proved by the state to be accomplices so far as the state could prove such a fact.

Was the refusal to give such an instruction prejudicial? The failure to give it was emphasized by the trial court in this: The court added to its general instruction as to the credibility of witnesses a short paragraph, in the same numbered instruction, directing the jury to weigh with more than ordinary care "the testimony of police officers, sheriffs, and detectives." From *Preuit v. People*, 5 Neb. 377, down, we have held that a defendant is entitled to a cautionary instruction as to the evidence of detectives, informers, and police engaged to hunt evidence against him. *Sandage v. State*, 61 Neb. 240; *Fruide v. State*, 66 Neb. 244. Although, it should be noted, in *Keezer v. State*, 90 Neb. 238, the court held that the rule announced in *Preuit v. People*, *supra*, would not ordinarily apply to a county attorney, a sheriff, or to his deputy. This later rule was affirmed in *McMartin v. State*, 95 Neb. 292. And, recently, in *Flanagan v. State*, 117 Neb. 531, it was held that the rule did not apply to private parties not detectives nor employed as such, whose acts are prompted solely by the public good and who are uninfluenced by pecuniary interest in the prosecution. Whether the special instruction as given was exactly applicable to the facts here is unimportant because the defendant requested such an instruction and is not complaining of it. It would seem to be as of great, if not of greater, importance to a defendant in the situation of the defendant here to have the court instruct the jury specially on the credibility of accomplices as upon the subject of police officers. We think the error was so prejudicial as to be reversible error.

The state criticizes the form of the instruction requested because it stated as a fact that Burley and Mohr are what are known in law as accomplices, whereas the state argues it should have been submitted to the jury whether or not they were accomplices. The defendant would have been prejudiced more by the wording chosen by his counsel in

the proffered instruction than by that suggested by the state. Evidently it was not refused on the ground of form but because of the subject-matter. As we have shown, the instruction contained within it the correct rule of law on the subject of accomplices. In such a situation, even if the exact and entire form was objectionable, it was the duty of the court to give a proper instruction upon the subject. *Karnes v. State,* 111 Neb. 435, and cases cited.

Complaint is made of instruction No. 3, where the statement of the statute relating to buying stolen goods in some way became confused with the concealment of a robber, denounced in the same section, and where the intent to defraud the owner was not clearly stated in its proper place, or correctly related by the punctuation or lack thereof. This is not likely to occur again.

On the motion for new trial, an affidavit by one of the attorneys for defendant set up certain statements alleged to have been made by the county attorney in the closing argument to the jury but not found in the reporter's notes. On another trial counsel will doubtless be prepared to make objection if and when such a thing occurs ·and to get a timely ruling from the court thereon. Other grounds for new trial need not be discussed.

For the reasons stated, the judgment of the district court is reversed and the cause remanded for a new trial.

REVERSED.