## BEN R. ALLEN V. STATE OF NEBRASKA.

FILED FEBRUARY 20, 1931. No. 27755.

*Andrew P. Moran,* for plaintiff in error.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

PER CURIAM.

Plaintiff in error, hereinafter called defendant, brings this cause to this court to review the record of his conviction of a violation of the state liquor laws.

The errors assigned and discussed in the brief relate to the sufficiency of the evidence to sustain the verdict and to the giving and refusing of instructions to the jury.

We have read all the evidence and, while there is a substantial conflict, there is ample evidence tending to establish defendant's guilt. The record presented a question for the jury to determine. Their verdict is conclusive on the question of fact.

Defendant complains of the court's refusal to give a cautionary instruction relative to the weighing of evidence of detectives and informers. The only witnesses to whom the requested instruction could apply were the sheriff, his deputy, and the chief of police, all sworn officers. Under the rule announced in *Flanagan v. State,* 117 Neb. 531, and followed and reaffirmed in *Trimble v. State,* 118 Neb. 267, and *Nelson v. State,* 118 Neb. 812, the court committed no error in refusing the requested instruction. Such an instruction is not applicable to public officials who are acting in their official capacity.

Complaint is made because the court failed to give certain other instructions which were fully covered by the instructions given by the court. No error is apparent in refusing any of the requested instructions.

Complaint is made of certain instructions given by the court, but when the charge, as a whole, is taken and considered it fairly states the law applicable to the issues and the evidence.

We find no error in the record. Judgment

AFFIRMED.