DELBERT BARNES V. STATE OF NEBRASKA.

FILED MAY 12, 1933. No. 28552.

*Wymer Dressler,* for plaintiff in error.

*Paul F. Good, Attorney General* and *Paul P. Chaney, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ.

GOSS, C. J.

Plaintiff in error, hereinafter called defendant, was convicted and sentenced on a charge of breaking and entering a county warehouse with intent to steal property.

The chief witnesses on the part of the state were two young men, Raymond Bohl and Dale Rumbaugh, both 21 years old, who testified that on Monday night, April 25, 1932, having previously agreed to help the defendant steal some oil from the county, they drove to his home, picked

up him and his friend, Jug Ross, and proceeded to the county barn or warehouse at Howe; that defendant tried but failed to break the lock with a tire tool which he had brought for the purpose; Rumbaugh then broke the lock, defendant remaining outside as a lookout. Bohl and Rumbaugh entered the barn and rolled out a thirty gallon drum containing twenty or twenty-five gallons of oil; the drum was put in the rumble seat of the car and all drove to defendant's home, where the oil was emptied into other containers and, by direction of defendant, the drum was taken by Bohl and Rumbaugh to a creek, where it was later found by the sheriff. The barrel was red. Marks of that color were found on the rumble seat of the car in which the witnesses testified the oil was transported to defendant's home. The containers into which the oil was poured and the funnel used in the operation were identified on the trial. Defendant denied any connection with the affair and produced an alibi to the effect that he was at home all that evening playing cards with his wife and Clifford Ross, both of whom corroborated him. The evidence was sufficient for submission to the jury. Barring errors, the judgment must stand.

Defendant contends that he was convicted by the uncorroborated testimony of admitted accomplices, who also testified falsely as to material matters in the case, and that such a conviction will not be sustained. "At common law the testimony of an accomplice, if it satisfies the jury beyond a reasonable doubt of the guilt of defendant, may be sufficient to warrant a conviction, although it is not corroborated." 16 C. J. 696. This rule is supported by almost unanimous authority. It is one of general application and has been applied to all classes of crimes, including burglary, among others. See *State v. Routzahn*, 81 Neb. 133; *Lawhead v. State*, 46 Neb. 607; *Lamb v. State*, 40 Neb. 312; *Olive v. State*, 11 Neb. 1. A conviction may rest on the testimony of an accomplice when, considered with all the evidence in the case, it satisfies the jury beyond a reasonable doubt of the guilt of the

accused. The rule as to the consideration of the testimony of accomplices was adequately expressed by the court to the jury in an instruction of which defendant complains.

The evidence indicates that defendant procured, aided and abetted in the offense. He was prosecuted as a principal by virtue of section 28-201, Comp. St. 1929, providing: "Whoever aids, abets or procures another to commit any offense may be prosecuted and punished as if he were the principal offender." Defendant argues that this section is void for uncertainty because couched in permissive language only. He asserts that to denounce an act as a crime the legislature must use mandatory language. This section does not fix the terms of a crime. It merely provides how any aider, abetter or procurer of the commission of any substantive crime may be proceeded against. The particular offense of which defendant is thus made a principal is substantively stated in section 28-538, Comp. St. 1929. The purpose of section 28-201 is to remove the inhibition against uniting in a prosecution two persons who formerly had to be prosecuted for separate substantive offenses. *Neiden v. State,* 120 Neb. 619, 622. The section is salutary and is not void for uncertainty.

Defendant complains because the court refused an instruction cautioning the jury to scrutinize the testimony of the sheriff and his deputies with more than ordinary attention given to the testimony of witnesses generally. Ordinarily, it is not error to refuse a cautionary instruction as to the testimony of a sheriff or his deputy. *Keezer v. State,* 90 Neb. 238; *McMartin v. State,* 95 Neb. 292; *Hudson v. State,* 97 Neb. 47; *Flanagan v. State,* 117 Neb. 531.

Other errors are assigned based upon the happenings at the trial. We have examined them and find them without merit. To discuss them would serve no good purpose and would unduly prolong this opinion.

The refusal of the district court to grant a new trial on the ground of newly discovered evidence is assigned as erroneous, both on the conventional motion and on a supplemental motion for a new trial. The first point related to a chemical test of oil submitted on behalf of the state to a chemist who could not positively identify and certify it as county oil. There was a good reason shown in the evidence for that in the fact that the stolen oil was poured into defendant's containers at his farm. The state was not bound to submit to the jury the fact that it had tests made nor what they showed, nor was it required to disclose to defendant the facts in relation to the tests. The same diligence on the part of defendant before the trial as after would have put him in possession of the facts. It does not appear that this would have changed the result. The second point relates to a newly discovered witness who is asserted to be able to testify that he witnessed the breaking and entering and that defendant was not there. This witness made one affidavit to the foregoing effect, executed another the next day stating that the first was false, and on the third day made still another affidavit, stating that he told the truth in the first and that the second affidavit was obtained by threats of the prosecuting attorney and sheriff. Counter affidavits impeach the witness. The third point related to further and cumulative evidence of an alibi. This was furnished by a witness who made affidavit that he saw Bohl and Rumbaugh taking the stolen oil towards defendant's place between 11:30 and midnight the night of the burglary and that defendant was not with them, and a few minutes later he saw defendant, with his wife, and Clifford Ross, driving in the opposite direction. Other affidavits on behalf of the state clouded the accuracy of the witness. We are of the opinion that the trial judge did not abuse the discretion reposing in him by refusing to grant a new trial on the ground of newly discovered evidence.

Defendant was sentenced to imprisonment in the penitentiary from one to three and a half years. In view

of all the circumstances and in the exercise of the power granted by section 29-2308, Comp. St. 1929, the sentence is reduced to one year in the penitentiary. As thus modified the judgment of the district court is affirmed.

AFFIRMED; SENTENCE REDUCED.