## Frank McCartney v. State of Nebraska.

### Filed October 11, 1935. No. 29536.

*Thomas F. Hamer*, for plaintiff in error.

*William H. Wright, Attorney General, Paul P. Chaney* and *Lester A. Danielson, contra.*

Heard before Goss, C. J., Rose, Good, Eberly, Day, Paine and Carter, JJ.

Good, J.

Frank McCartney, plaintiff in error (hereinafter referred to as defendant), was convicted upon each of three counts of an information, each charging a violation of the liquor laws. Sentences conforming to the statute were imposed. Defendant brings the record of his conviction to this court for review.

It is first contended that the court erred in permitting the county attorney to indorse on the information the name of a witness, Knolie Shaw Nelson, after the trial had commenced. The record discloses that after the impanelment of the jury Nelson was called to the witness-stand, sworn, and asked to state his name. Thereupon, an objection was made to Nelson testifying because his name was not indorsed upon the information. It appears that the county attorney had been informed that the name of the witness was C. K. Nelson; that this name was indorsed upon the

information, and that the prosecuting attorney was not informed of the correct name until it was disclosed by Nelson on the witness-stand.

Prior to 1915 the statute required the prosecuting attorney to indorse names of witnesses upon the information prior to commencement of the trial. There was no authority for indorsing names after trial was begun. The cases cited in support of defendant's contention upon this proposition are *Stevens v. State,* 19 Neb. 647, and *Sweenie v. State,* 59 Neb. 269. Each of those cases was decided under the prior statute, and they are not applicable to the present statute, which permits the prosecuting attorney to indorse upon the information the names of other witnesses as the court, in its discretion, may prescribe. Comp. St. 1929, sec. 29-1602. Since the enactment of that section, this court has frequently held that, where the names of witnesses are indorsed upon the information after the commencement of the trial and no application is made for postponement or continuance of the cause, and no prejudice shown, prejudice will not be presumed, and that the court, in its discretion, may permit the names of additional witnesses to be indorsed upon the information after the trial has begun; that such action may not be availed of as error where the accused makes no showing of prejudice or does not ask for continuance or postponement. See *Kemplin v. State,* 90 Neb. 655; *Sheppard v. State,* 104 Neb. 709; *Hutter v. State,* 105 Neb. 601; *Ridings v. State,* 108 Neb. 804; *Frey v. State,* 109 Neb. 483; *Barnts v. State,* 116 Neb. 363; *Allen v. State,* p. 722, *post.*

In the instant case, it appears that defendant made no application for postponement or continuance of the trial; nor was any showing made that he was prejudiced in any wise by the indorsement of the name of the witness Nelson on the information. The record discloses that Nelson was one of the police officers who made the arrest of defendant and took him to the police station. Certainly, defendant would have reason to know that such police officer might be called as a witness. In any event, there is no showing

that defendant was prejudiced by the indorsement of the correct name of the witness upon the information and permitting him to testify.

Defendant complains of the refusal of the trial court to instruct the jury that greater care should be used in weighing the evidence of police officers than that of other witnesses.

In *Preuit v. People,* 5 Neb. 377, this court held: "Where informers, detectives, or other persons employed to hunt up testimony against the accused, are called to testify against him, he is entitled to an instruction to the jury that in weighing their testimony greater care should be exercised than in the case of witnesses who are wholly disinterested." This rule has been followed in *Kastner v. State,* 58 Neb. 767, *Sandage v. State,* 61 Neb. 240, and *Fruide v. State,* 66 Neb. 244. This court has held, however, that the rule is not applicable to officers who are performing a public duty required of them by statute, and that it has no application to county attorneys, sheriffs, deputy sheriffs, police officers, or police detectives, who are regularly employed in the public service. That such rule is not applicable to a county attorney, sheriff or his deputy was held in *Keezer v. State,* 90 Neb. 238, and in *Flanagan v. State,* 117 Neb. 531. In *Trimble v. State,* 118 Neb. 267, it was held that the rule was not applicable to a city detective, regularly employed by the city, and who had no pecuniary interest in the result of the case. This holding was reaffirmed in *Nelson v. State,* 118 Neb. 812. To a like effect is *Barnes v. State,* 124 Neb. 826. Defendant also cites and relies upon *Neiden v. State,* 120 Neb. 619. That case, however, deals with the evidence of an accomplice, and not with that of police officers. In the instant case, the witnesses were regular members of the police force of the city of Kearney. Under these authorities, the requested instruction was properly refused.

The record is free from error. Judgment

AFFIRMED.