STATE OF NEBRASKA, APPELLEE, v. WESLEY BRUNS, APPELLANT.

146 N. W. 2d 786

Filed December 9, 1966. No. 36364.

Fisher & Fisher, for appellant.

Clarence A. H. Meyer, Attorney General, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, and McCOWN, JJ., and FLORY, District Judge.

WHITE, C. J.

Defendant was convicted in the district court of driving an automobile while under the influence of intoxicating liquor. He appeals, contending he was denied the right to a speedy public trial under Article I, section 11, of the Constitution of the State of Nebraska, and for failure of the court to give a cautionary instruction with reference to the state patrolman's testimony in the case.

Defendant was arrested by a Nebraska safety patrolman on December 19, 1964. A complaint charging drunken driving was filed in county court on December 21, 1964. On the same date, December 21, 1964, the defendant was brought before the county judge, the complaint was read to him, and he pleaded not guilty. At this time trial was set for January 15, 1965, at 10 a.m., and the defendant was released on his own recognizance. The case was not tried on January 15, 1965. On April 16, 1965, the county court issued a bench warrant for the defendant's arrest. The bench warrant contained findings to the effect that the defendant had consulted an attorney; that he employed such attorney as counsel in the matter; and that he failed to reply to the requests of his counsel and of the county attorney to appear in court for trial. The defendant was arrested and brought before the county court on April 23, 1965. On April 28, 1965, the defendant filed a motion to discharge in county court. In this motion the defendant states he appeared for trial on January 15, 1965, in the county court, and "That he was informed that no one in the County Court knew anything about the matter and that he was not required to remain longer." In this motion he states, in substance, that a material witness was not now available to testify for him but was present and available for trial on January 15, 1965.

The defendant was tried and convicted on May 3, 1965, appealed to the district court where, prior to trial, he filed a motion and affidavit for discharge making substantially the same allegations and statements as he did in support of his motion for discharge in county court. These motions were overruled. He was tried in district court, convicted and sentenced, and now appeals to this court.

Article I, section 11, of the Constitution of the State of Nebraska, provides: "In all criminal prosecutions the accused shall have the right to * * * a speedy public trial by an impartial jury * * *." Section 29-1203, R.

R. S. 1943, states as follows: "If any person indicted for any offense, who has given bail for his appearance, shall not be brought to trial before the end of the third term of the court in which the cause is pending, held after such indictment is found, he shall be entitled to be discharged, so far as relates to such offense, * * *." Section 24-505, R. R. S. 1943, provides that it is the duty of the county judge to hold a regular term of court at 9 o'clock a.m. on the first Monday of each calendar month, for the trial of civil cases. The defendant was arrested on December 19, 1964, and charged on December 21, 1964. Since he was tried on May 3, 1965, it is argued that more than four regular terms of county court had passed without a trial and defendant should be discharged. Defendant contends he is entitled to an absolute discharge because of these two statutes. There is obviously no merit to this contention. The statute by its terms is limited to terms of court for the trial of civil cases. It attempts to set no terms of court for the trial of criminal cases and by its language is specifically limited to the trial of civil cases. There is no statute fixing criminal terms in county court, and the record is devoid of any action of the county court fixing terms of court for the trial of criminal cases. We are cited no authority, nor can we find any, to the effect that a term of court for civil cases applies to the trial of cases on a criminal docket. There is no merit to this contention.

We are, therefore, required to determine whether the defendant was accorded a speedy trial under the constitutional provision, independent of any statutory guide. The rule in both federal and state jurisdictions is stated in 22A C. J. S., Criminal Law, § 467(4), p. 24, as follows: "Accordingly, no general principle fixes the exact time within which a trial must be had to satisfy the requirement of a speedy trial. The right to a speedy trial is necessarily relative; it is consistent with delays, and whether such a trial is afforded must be determined in

the light of the circumstances of each particular case as a matter of judicial discretion." After quoting from the above authority, our court in Maher v. State, 144 Neb. 463, 13 N. W. 2d 641, stated as follows: "As stated in Critser v. State, 87 Neb. 727, 127 N. W. 1073: 'There is room for the exercise of sound discretion on the part of the trial court, always bearing in mind that the right to a speedy trial is the constitutional right of any citizen who is accused of crime.' The legislature of our state has interpreted the Constitution on the matter of a speedy trial by fixing what, in certain cases and under certain conditions, is to be regarded as a maximum time within which a defendant must be tried. The interpretation of this constitutional provision is for the court, but since the time fixed by the legislature is not unreasonable, we adopt it as our own. The defendant, having failed to bring himself within the provisions thereof, is not entitled to be discharged under its terms. *But the legislature has not undertaken to fix any minimum time in such matters. What is a fair and reasonable time in each particular case is always in the discretion of the court. No hard and fast rule can be applied in all cases.*" (Emphasis supplied.) In determining this question we are aided by other rules. This court in Svehla v. State, 168 Neb. 553, 96 N. W. 2d 649, quoted from Shepherd v. United States, 163 F. 2d 974, in holding that the right of an accused to discharge for failure to receive a speedy trial is a personal right which may be waived, and it ordinarily is waived if accused fails to assert his right by making a demand for trial, by resisting a continuance, by going to trial without objection that time limit had passed, or by failing to make some effort to secure a speedy trial. In the Svehla case, the court said in passing upon the facts in that case: "We fail to find in the record any protest or objection made on the part of the defendant until he filed his plea in abatement on September 19, 1958. This plea in abatement refers to a 'speedy trial.' We fail to find in the record any request

by the defendant for an immediate trial." This holding follows the general rule stated in 22A C. J. S., Criminal Law, § 469, p. 37, as follows: "It is the general rule, however, * * * that accused must assert his constitutional right to a speedy trial by some affirmative act in court, that acquiescence or consent to delay may constitute a waiver of right to a speedy trial, and that a demand for trial, resistance to postponement, or some other effort to secure a speedy trial must be made by accused to avoid waiver of the right to speedy trial and to entitle him to a discharge on the ground of delay, *at least when accused has been admitted to bail,* or is not within the custody of the court." (Emphasis supplied.) This rule, of course, would not apply if we were dealing with a situation where there was an absolute statutory right to discharge. But, as we have said, there is no applicable statute in this case. And, also, the burden of proof is upon the defendant to show that there has been a delay which is unreasonable or beyond the time fixed by statute. 22A C. J. S., Criminal Law, § 470, p. 44; State v. Patterson, 126 Kan. 770, 271 P. 390.

With these rules in mind, we examine the evidence. The defendant was at liberty on his own recognizance. During this time we fail to find in the record any protest or objection or any action taken on the part of the defendant to secure a trial until he filed his motion for discharge on April 28, 1965. He made no application for trial of the case and took no action in the matter until after he was arrested on a bench warrant issued on April 23, 1965. Standing uncontradicted in the record is the finding of the county judge that the defendant had counsel and failed to respond to requests of his counsel and the county attorney to appear for proceedings in the case. His affidavit states that he appeared in county court for trial on January 15, 1965, and "That he was informed that no one in the County Court knew any thing about the matter, and defendant was not required to remain longer." His motion and affidavit are silent

as to the identity of the person or persons who so informed him. For aught the record shows, this information could have been given him by any spectator or some person who happened to be present not identified by the defendant. It is significant that his affidavit does not state that the county judge, or somebody in an official capacity, gave him the information that he states in this affidavit. If he had been officially advised by the county judge, before whom he had appeared on December 21, 1964, that he did not need to remain longer, surely his affidavit would have supplied this information. At the least it would seem that the county judge could not have told him that no one in the county court knew anything about the matter. The determination of this matter is addressed to the sound judicial discretion of the court. We come to the conclusion that there is no showing here of an abuse of discretion on the part of the county court or the district court in denying the defendant his discharge. This contention is without merit.

The defendant claims prejudice because of the absence of a material witness whom he states was present at the time the case was originally set for trial on January 15, 1965. He states that on information and belief he believes she has been committed to the Nebraska State Hospital and has not been discharged. There is no showing to the court as to the nature of her testimony or what her evidence would be. The name of the witness does not appear. By defendant's own affidavit these matters are left to conjecture and speculation. Furthermore, there is no showing that this witness was not subject to process and could not have been produced for trial on May 3, 1965. The evidence further discloses that the defendant and his companion in the automobile he was driving at the time he was arrested both testified in the case. The record further shows that he produced witnesses who were present with him at a bar before he left on the trip during which he was arrested. In the ab-

sence of some showing, we fail to see how the testimony of these witnesses could be other than corroborative of the testimony that was adduced in the case. A like situation was presented in Maher v. State, *supra,* in which this court held that the testimony to be produced by witnesses which the defendant claimed were not available for trial, was only corroborative in nature and therefore their absence was not prejudicial. As stated in that case, it can hardly be conceived that every witness a defendant may desire may be available at any one time. It is obviously impossible for a court to set a date for trial, in all cases, where all of the witnesses for both parties will be present. The record shows that no process was issued for the production of this witness and at no time did the defendant move for a continuance so that this testimony could be procured. Under the circumstances, we do not feel that the defendant was prevented from having a fair trial and we find that the trial court in no way abused its discretion in this respect.

The last contention of the defendant is that the court failed to give a requested instruction cautioning the jury on the weight to be given to the testimony of the Nebraska safety patrolmen who testified in the case. A cautionary instruction, when requested, is required where informers, detectives, or other persons employed to hunt up testimony against an accused are called to testify against him. Kastner v. State, 58 Neb. 767, 79 N. W. 713; Sandage v. State, 61 Neb. 240, 85 N. W. 35, 87 Am. S. R. 457. This rule, however, is not applicable to public officers who are performing a public duty required of them by the statute. McCartney v. State, 129 Neb. 716, 262 N. W. 679; Keezer v. State, 90 Neb. 238, 133 N. W. 204; Trimble v. State, 118 Neb. 267, 224 N. W. 274; Nelson v. State, 118 Neb. 812, 226 N. W. 438. Clearly, the three patrolmen of the Nebraska Safety Patrol who testified upon the trial of this case were public officers who were required to and were per-

forming a public duty at the time and place in question. There is no merit to this contention.

Other assignments of error are not argued or discussed and will not be considered. The judgment of the district court is correct and is affirmed.

AFFIRMED.